BITUMINOUS LIME ROCK PAVING AND IMPROVE-
MENT COMPANY v. FULTON et al.

No. 14,907; August 25, 1893.

33 Pac. 1117.

**Evidence—Judicial Notice of City.**—The courts will take judicial notice that the city of Los Angeles is a municipal corporation, by virtue of the several statutes organizing it into such corporation, and extending its limits, and adding to and changing the powers of its officers.[1]

**Street Improvement.**—An Averment That "the City Council of the city of Los Angeles . . . . passed a resolution of intention . . . . that New High street, in said city, . . . . be paved," is a sufficient averment that such street is an open public street; Statutes of 1885, page 147, section 1, providing that "all streets . . . . in the municipalities of this state now opened or dedicated, or which may hereafter be opened or dedicated, shall be deemed and held to be open public streets, . . . . and the city council of each municipality is hereby . . . . invested with jurisdiction to order to be done thereon any of the work mentioned in" the act.[2]

**Street Improvement—Enforcement of Lien—Pleading.**—Code of Civil Procedure, section 456, provides that in pleading the determination of a board or officer the facts conferring jurisdiction need not be

---

[1] Cited in Stoner v. Los Angeles, 8 Cal. App. 610, 97 Pac. 694, in proceedings relative to assessments for opening streets.

Cited and followed in Drew v. Butte, 44 Mont. 126, 119 Pac. 280, which was a suit against a city for damages to property caused by a change of grade of a street.

[2] Cited in dissenting opinion in Buckman v. Hatch, 139 Cal. 59, 72 Pac. 447.

stated, but such determination may be stated to have been duly given or made. Held, that, in an action to enforce the lien of a street-paving assessment, an averment "that all the several acts required to be done by said city council, said superintendent of streets, and this plaintiff have been duly done, made, and performed by it and them, in the manner and at the times and in the form required by law," is sufficient on general demurrer.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by the Bituminous Lime Rock Paving and Improvement Company against J. E. Fulton and others to enforce a lien for street assessments. There was a judgment in favor of defendant Henderson, and plaintiff appeals. Reversed.

Jay E. Hunter for appellant; Jones & Carlton for respondents.

SEARLS, C.—The plaintiff in this cause appeals from a final judgment entered in favor of defendants. The action was instituted in the superior court in and for the county of Los Angeles to enforce a lien against certain property of the defendants, described in the complaint, which lien was created by an assessment made by the street superintendent of the city of Los Angeles, to obtain payment for certain work done under an act entitled "An act to provide for work upon streets," etc., "within municipalities," approved March 18, 1885, as amended March 14, 1889, and known and designated as the "Vrooman act": Stats. 1885, p. 147; Stats. 1889, p. 157. A demurrer was interposed to the complaint, which demurrer was sustained by the court, and, plaintiff declining to amend, final judgment was entered in favor of the defendant Charles Henderson. The demurrer was general, and averred that plaintiff's complaint "fails to state facts sufficient to constitute a cause of action against these defendants." The particular reasons moving the court below to sustain the demurrer do not appear in the record, and we can only divine them by a perusal of the complaint, aided by the suggestion of causes therefor contained in the briefs of counsel.

It is urged by respondents that the complaint fails to aver that the city of Los Angeles is a municipal corporation, or

that New High street is an open public street. The allegation of the complaint is "that . . . . the city council of the city of Los Angeles, state and county aforesaid, passed a resolution of intention . . . . that New High street, in said city, from the north line of Franklin street to the south line of Temple street, . . . . be paved and curbed," etc. The court will take judicial notice that the city of Los Angeles is a municipal corporation under and by virtue of several statutes of this state, duly passed for the purpose of organizing it into such corporation, and extending its limits, adding to and changing the powers of its municipal officers, etc.: Code Civ. Proc., sec. 1875.

A street is a "public thoroughfare or highway in a city or village": Black's Law Dictionary, tit. "Street." A street is something more than a highway, for, besides its use as a highway for travel, it may be used for the accommodation of drains, sewers, aqueducts, water and gas pipes, and for other purposes conducive to the general police, sanitary, and business interests of a city: Bouvier's Law Dictionary. It is a public highway of a city or village, over which all the citizens of the land have a right to pass and repass at pleasure: State v. Moriarty, 74 Ind. 104; Perrin v. Railroad Co., 36 N. Y. 126; Kelsey v. King, 33 How. Pr. (N. Y.) 43; City of Quincy v. Jones, 76 Ill. 244, 20 Am. Rep. 243. Section 1 of the act of 1885 (Stats. 1885, p. 147) provides that "all streets . . . . in the municipalities of this state now open or dedicated, or which may hereafter be opened or dedicated, shall be deemed and held to be open public streets . . . . for the purposes of this act, and the city council of each municipality is hereby . . . . invested with jurisdiction to order to be done thereon any of the work mentioned in section two of this act." Section 2 of the act, as amended in 1889 (Stats. 1889, p. 157), authorizes the city council to order work done upon the streets, of the character in question in this case. The evident object of the first section of the statute of 1885 was to enlarge the term "street," so as to include, not only those that had been opened, but those also dedicated to street purposes, although not formally or officially accepted or opened as such. The effect was simply to make streets of a class which might not otherwise come within that category. When plaintiff, in its complaint, averred the passage of a resolution to pave and

curb New High street, in said city, it was as comprehensive as the definition of the term "street," and was tantamount to an averment that it was an open public street in said city.

The complaint, critically considered, is defective, in this: that many of its statements of facts are not full and explicit, but the demurrer is general. Where a complaint fails to state facts essential to a recovery, the defect may be reached by a general demurrer. Where, however, it states all the essential facts, but states them defectively, the error can only be reached by a special demurrer. Again, several of the apparent defects in regard to publication of notices, etc., are cured by the twelfth paragraph of the complaint, which avers "that all the several acts required to be done by said city council, said superintendent of streets, and this plaintiff have been duly done, made, and performed by it and them, in the manner and at the times and in the form required by law," etc. Section 456 of the Code of Civil Procedure provides that, in pleading a determination of a board or officer, it is not necessary to state the facts conferring jurisdiction, but such determination may be stated to have been duly given or made, etc.: Babcock v. Goodrich, 47 Cal. 512; City of Los Angeles v. Waldron, 65 Cal. 283, 3 Pac. 890; Pacific Paving Co. v. Bolton, 97 Cal. 8, 31 Pac. 625. Applying this rule to the jurisdictional facts, so far as the city council and street superintendent are concerned, and the complaint, although far from perfect, was impervious to the general attack made upon it. To mention the several objections of respondent in detail would subserve no useful purpose. The judgment appealed from should be reversed and the court below directed to overrule the demurrer to the complaint, with leave to defendant to answer.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is reversed and the court below is directed to overrule the demurrer to the complaint, with leave to defendant to answer.