[No. 15845.    Department One.—July 9, 1895.]

# A. E. BUCKMAN, APPELLANT, v. OSCAR H. FERGU-SON, RESPONDENT.

STREET IMPROVEMENT—VALIDITY OF CONTRACT—FIXING OF TIME FOR WORK—MANDATORY STATUTE—OFFICIAL DUTY OF SUPERINTENDENT.— Section 6 of the statute of 1885 requiring that the superintendent of streets should fix the time for the commencement of the work, which should not be more than fifteen days from the date of the contract, and for completion of the work under all contracts entered into by him, is mandatory, and imposes an official duty upon the superintendent which must be authenticated by his signature; and it is not matter of agreement between the superintendent and the contractor, nor is the signature of the contractor essential.

ID.—TIME FOR PERFORMANCE OF DUTY OF SUPERINTENDENT—INCHOATE CONTRACT.—The superintendent may perform the duty of fixing the time for the work at any time after the date of the contract which will allow him to designate a period of not more than fifteen days from its date for the commencement of the work, and, until the superintendent has fixed the time, the contract must be deemed inchoate on the part of the superintendent, even though entered into by the contractor, and the contract is not fully executed by the superintendent until the time has been fixed.

ID.—POWER OF OFFICIAL SUCCESSOR.—A contract signed by the contractor before the expiration of the term of office of a superintendent of streets, whose term expired before the expiration of fifteen days from the date of the contract, may be signed by the outgoing superintendent, and its execution may be completed by fixing the time for the commencement and completion of the work by his successor in office.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*Edwin G. Knapp,* and *William H. Chapman,* for Appellant.

The presumption that official duty was regularly performed applies to street contracts as well as to any other. (Civ. Code, sec. 1963, subd. 15; *Fanning* v. *Bohme,* 76 Cal. 149, 152.) The findings show no fault or dereliction of duty on the part of the contractor, and plaintiff is entitled to a judgment foreclosing the lien. (*Perine* v. *Forbush,* 97 Cal. 308; *Washburn* v. *Lyons,* 97 Cal. 314;

CVIII. CAL.—3

*Libbey* v. *Elsworth,* 97 Cal. 316; *Fletcher* v. *Prather,* 102 Cal. 413; *White* v. *Harris,* 103 Cal. 528; *McVerry* v. *Boyd,* 89 Cal. 304, 307, 308.)

*William Grant,* and *C. S. Cushing,* for Respondent.

The time not having been fixed and authenticated by the official signature of Ashworth, the superintendent, with whom the contract was made, the contract was void. (*Fletcher* v. *Prather,* 102 Cal. 413; *McVerry* v. *Boyd,* 89 Cal. 307; *Perine* v. *Forbush,* 97 Cal. 308.)

HARRISON, J.—Action to foreclose a street assessment in San Francisco.

The validity of the assessment is contested upon the ground that the contract for doing the work was invalid by reason of the failure on the part of the superintendent of streets to fix the time for the commencement and the completion of the work. Judgment was rendered in favor of the defendant, from which and from an order denying his motion for a new trial the plaintiff has appealed.

The contract in question was awarded to W. H. Maxwell, and notice of the award having been posted and published December 11, 1890, the contract was entered into by Maxwell and Thomas Ashworth, as superintendent of streets, December 23, 1890. The body of the contract was written, dated, and signed on one page, which was numbered "page one," and provided, among other things, that Maxwell would do and perform all the work required to be performed, under the direction and to the satisfaction of said superintendent, "according to the specifications hereunto annexed and made part of this contract." Upon the upper part of another sheet of paper which was attached to the contract, marked "page 2," was pasted a copy of the specifications which had been included with the notice inviting proposals for doing the work; and beneath this copy of the specifications were the following words: "The work to be commenced *fourteen* (14) days and completed within

*one hundred and twenty* (120) days from the date of the contract." These words, except those in italics, were printed upon the page with blank spaces in which to insert the respective periods of time, and the words in italics were written therein. At the bottom of this page, several lines below any other writing or printing, is the signature "James Gilleran, Superintendent of Public Streets, Highways, and Squares." Ashworth's term of office as superintendent of streets expired January 4, 1891, and Gilleran succeeded him and qualified as such superintendent January 5, 1891. The court finds "that said contract was signed and executed by said Ashworth, as such superintendent, and by said Maxwell on the 23d day of December, 1890"; and, also, "that on the 5th day of January, 1891, said James Gilleran, as such superintendent, did in form fix the time for the commencement of the work to be performed on said contract at fourteen days from and after the date of said contract, and for the completion thereof at one hundred and twenty days from the date of said contract, by indorsing upon said contract the words and figures following, to wit: 'The work to be commenced within fourteen and completed within one hundred and twenty days from the date of the contract.'"

Section 6 of the act under which these proceedings were had (Stats. of 1885, p. 151) requires that the superintendent of streets "shall fix the time for the commencement, which shall not be more than fifteen days from the date of the contract, and for the completion of the work under all contracts entered into by him." This provision is mandatory, and an omission to comply therewith renders the contract void. (*Libbey* v. *Elsworth*, 97 Cal. 316.) The fixing of these times is not a matter of agreement between the superintendent and the contractor, nor is the signature of the contractor essential; but it is a duty imposed by law upon the superintendent (*Fletcher* v. *Prather*, 102 Cal. 425), and, like any other official act, must be authenticated by his signature. (*Dougherty* v. *Hitchcock*, 35 Cal. 512.) This

requirement is found in a separate clause of section 6, and applies to "*all* contracts entered into by him," including not only those which have been awarded by the city council to bidders under the notice for proposals authorized by section 5, but also those which may be awarded by the superintendent himself under the provisions of section 13. The times thus to be fixed by the superintendent may be indorsed upon the contract after it has been entered into, or they may be incorporated 'into the body of the contract. The only limitation upon the time within which the superintendent is to perform this duty is found in the provision that the time to be fixed for the commencement of the work "shall not be more than fifteen days from the date of the contract." The provision in section 5 of the act, that if the original bidder to whom the contract is awarded "neglects, fails, or refuses, for fifteen days after the first posting and publication of the notice of award, to enter into the contract, proposals shall be again invited for doing the work, shows that the " date of the contract " must be prior to the expiration of this fifteen days. The superintendent may, therefore, perform this duty at any time after the date of the contract which will allow him to designate a period of not more than fifteen days from such date for the commencement of the work. Inasmuch as the fixing of these times is essential to the validity of the contract, the contract, even though entered into by the contractor, is to be deemed inchoate on the part of the superintendent until he has fixed the times. Its execution by the contractor being with the understanding and agreement on his part that the superintendent may thereafter fix the times (*Fletcher* v. *Prather, supra*), the contract is not fully executed by that officer until the times have been fixed.

The first publication and posting of the notice of award was made on the 11th of December, and Maxwell signed the contract on the 23d of December. The execution of the contract was then complete on his part; but, although it was then signed on the part of the

superintendent, it was inchoate until the times for the commencement and completion of the work should have been indorsed thereon. The clause fixing these times having been indorsed upon the contract before the expiration of fifteen days from its date rendered its execution complete, and made the contract valid.

The provision in the contract, that the work shall be done "according to the specifications hereunto annexed and made a part of this contract," does not extend to the clause by which the time for the commencement and the completion of the work is fixed. The "specifications" thus referred to are those which, by section 3 of the act aforesaid (Stats., 1889, p. 159), are to be furnished by the city engineer, and which, by section 5 of the act (Stats., 1889, p. 160), are to be stated with the notice inviting proposals for doing the work.

As the contract was equally valid whether the superintendent indorsed thereon the clause fixing the times for the commencement and completion of the work on the same day that he signed the contract, or upon any day within fifteen days from its date, it follows that, if his term of office expired before the expiration of the fifteeen days, this act could be performed by his successor. The act of fixing these times is the act of the officer, and not of the individual, and can be performed by the individual who at the time of performing it is the incumbent of the office. The execution of the contract being inchoate on his part until this act is performed, it is immaterial that one of the steps in the completion of its execution is performed by the outgoing officer and the other by his successor. They are each official acts, and are entitled to the same consideration, whether performed by the same or different officers.

The judgment and order denying a new trial are reversed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in bank denied.