[S. F. No. 1027.  In Bank.—February 16, 1900.]

L. C. WILLIAMS et al., Appellants, v. THOMAS I. BERGIN, Respondent.

STREET ASSESSMENT — NEW ASSESSMENT — PLEADING — RESOLUTION OF BOARD UPON APPEAL — DUE PASSAGE.—A complaint upon a new street assessment, which alleges that, upon appeal from the original assessment, the board of supervisors "duly made and passed" a resolution setting the assessment aside, and directing the superintendent to issue a new assessment, warrant, and diagram, sufficiently states in legal effect, under section 456 of the Code of Civil Procedure, that everything necessary to be done to give the resolution validity has been done.

ID.—AVERMENT AS TO RETURNS—REFERENCE TO PREVIOUS AVERMENTS OF DEMAND.—Where the demand alleged is fully set forth in the complaint, and accords with the provisions of the statute, an averment that the return stated the nature and ·character of the demand "as set forth aforesaid" sufficiently alleges a return complying with the requirements of the statute as to such statement.

ID.—ASSESSMENT TO UNKNOWN OWNERS—PART PAYMENT BY OWNERS OF HALF OF LOT—STATEMENT IN RETURN—LIEN NOT RELEASED.—Where one-half of the assessment of a lot to unknown owners was paid by the owners of half of the lot between the making of the demand and the return, it is proper so to state in the return; but the lien against the lot is an entirety for the whole and every part of the assessment, and such part payment cannot have the effect to release any part of the lot assessed from the lien for the amount remaining unpaid.

ID.—NOTICE OF AWARD — "CONSPICUOUS" POSTING — FORM OF AVERMENT—DEMURRER.—The objection that the complaint does not allege that the notice of award was posted "conspicuously" by the

clerk goes to the form of the allegation, rather than its sub-
stance, and can only be reached by special demurrer. The alle·
gation that such notice was posted by the clerk is sufficient as
against a general demurrer.

ID.—TIME OF COMMENCEMENT OF WORK.—It is not necessary that the
superintendent of streets should fix in the contract the "day"
upon which the work should commence; but it is sufficient that
the time be fixed as within a specified number of days from the
date of the contract.

ID.—DEMAND AND RETURN BY AGENT—SUFFICIENCY OF AVERMENTS.—
Averments in the complaint that a certain person, as agent of
the plaintiffs, on a specified day, with and by virtue of the war-
rant, assessment, and diagram entered upon the lot and pub-
licly demanded thereon payment of the amount of the assess-
ment, and returned the warrant to the superintendent, with a
statement of the nature and character of the demand indorsed
thereupon signed and verified by him, sufficiently state a de-
mand and return made by such person at the instance of the
plaintiffs. It is not necessary to set forth the terms of the
agency, or to allege specifically that the plaintiffs had author-
ized such person to make the demand.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco. J. C. B. Hebbard, Judge.

The complaint alleged that the superintendent of streets fixed
the time in the contract for the commencement of the work "to
be within fourteen days from the date of said contract." Fur-
ther facts are stated in the opinion of the court.

J. C. Bates, for Appellants.

T. I. Bergin, for Respondent.

HARRISON, J.—Action upon a street assessment.

The respondent demurred to the complaint upon the ground
of ambiguity and want of facts sufficient to constitute a cause
of action, and, his demurrer having been sustained, judgment of
dismissal was entered in his favor. Plaintiffs have appealed.

The complaint alleges that after the completion of the con-
tract an assessment was made and issued on the sixth day of
May, 1892, and thereafter on the 14th of May, 1892, the con-
tractor appealed therefrom to the board of supervisors; that the
board of supervisors fixed a time and place for hearing said ap-
peal, of which notice was given to all persons interested therein,
and that on August 5, 1895, the day fixed for said hearing, the

board duly made and passed a resolution setting aside the assessment, and directing the superintendent of streets to make and issue a new assessment, warrant, and diagram. In conformity with this order the superintendent made the assessment upon which the present action was brought.

Section 11 of the street improvement act provides that an appeal from the assessment may be taken "within thirty days after the date of the warrant," and it is claimed by the respondent that no appeal could be taken until after the issuance of the warrant; that the complaint is defective in failing to allege that a warrant had been issued prior to taking the appeal, and thus fails to show that the board of supervisors had any jurisdiction to set aside the assessment appealed from, and, therefore, the assessment sued on is without any validity. The complaint, however, alleges that the board of supervisors "duly made and passed" the resolution setting the assessment aside and directing the superintendent to issue a new one, and under the provisions of section 456 of the Code of Civil Procedure, this allegation "is a statement in legal effect that everything necessary to be done to give the resolution validity has been done." (*Pacific Pav. Co. v. Bolton*, 97 Cal. 8).

The complaint alleges that one C. B. Williams, as agent of the plaintiffs herein, on a certain day, with and by virtue of the warrant, assessment, and diagram, went upon the lot of land described in the complaint and while thereon publicly demanded payment of the sum of three hundred and nineteen dollars and fourteen cents, the amount assessed to said lot; that the defendants have not paid the same nor any part thereof, except that one-half of the amount so assessed against the lot, viz., one hundred and fifty-nine dollars and fifty-seven cents, has been paid by the owners of one-half of the lot—the defendants other than the respondent; that thereafter the warrant was duly returned to the superintendent, with a return indorsed thereon signed by said Williams, verified by his oath, stating the nature and character of the demand as set forth aforesaid, and that the amount assessed upon the lot had been demanded as stated aforesaid, and that one hundred and fifty-nine dollars and fifty-seven cents thereof still remained unpaid.

These averments sufficiently state a demand for the amount of the assessment, and the return thereof, and that the same

were made at the instance of the plaintiffs. Section 10 of the street improvement act authorizes the demand and return to be made by the contractor or his assigns, "or some person in his or their behalf." It was not necessary to set forth in the complaint the terms of Williams' agency, or to specifically allege that the plaintiffs had authorized him to make the demand. The demand as alleged was in accordance with the provision of the statute, and the averment that the return stated the nature and character of the demand "as set forth aforesaid" is a sufficient allegation of this fact. If the return when offered in evidence does not comply with the requirements of the statute, it will be merely a case where the proofs do not come up to the averments.

If a portion of the amount assessed was paid between the making of the demand and the return thereof, it was proper to so state in the return. The payment of a portion of the assessment did not release any part of the lot assessed from the lien for the amount remaining unpaid. The lien was against the lot as an entirety for the whole and every part of the amount of the assessment. The assessment was to "unknown" owners, and the payment by one of several co-owners of his proportion of the assessment had no more effect to release any portion of the lot from the lien than would the payment of such portion had he 'been the sole owner of the lot.

The objection to the complaint that it does not allege that the notice of award was posted "conspicuously" by the clerk goes to the form of the allegation rather than to the fact necessary to be alleged, and should have been presented by special demurrer. As against a general demurrer, the allegation that the notice was posted sufficiently states that this step was taken in the proceedings. (*California Improvement Co. v. Reynolds,* 123 Cal. 88.)

It was not necessary that the superintendent of streets should fix in the contract the "day" upon which the work should commence. (*Rauer v. Lowe,* 107 Cal. 229.)

The judgment is reversed, and the superior court is directed to overrule the demurrer and allow the respondent to answer the complaint within such time as it may deem appropriate.

Garoutte, J., Van Dyke, J., Temple, J., and Henshaw, J., concurred.