BUCKMAN v. HATCH et al.*

S. F. No. 2548; September 22, 1902.

70 Pac. 221.

**Street Improvements.—In Pleading the Determination of a Board of Supervisors** as to certain public improvements, it is not necessary to state the facts conferring jurisdiction, but the determination may be pleaded as duly given or made.

**Street Improvements.—In an Action to Foreclose a Street Assessment,** where no objection is taken to the complaint by demurrer, and the proceedings on the trial do not appear in the record, the court on appeal must presume that evidence was given to uphold every allegation of the complaint, whether defectively stated or not, and, to this end, that the original resolution of intention describing the work was put in evidence, and that the resolution contained a full description of the work as required by statute, including a specific description of the materials of which cesspools and culverts were to be constructed.

**Street Improvements—Time for Work.—Under Vrooman Act,** section 6 (Stats. 1885, p. 151), requiring that the superintendent of streets "shall fix the time for the commencement, . . . . and for the completion of the work under all contracts entered into by him," it is not necessary that the time be fixed in the contract itself, but only that the superintendent shall in writing, authenticated with his official signature, fix the time.

*For subsequent opinion in bank, see 139 Cal. 53, 72 Pac. 445.

APPEAL from Superior Court, City and County of San Francisco; Frank J. Murasky, Judge.

Action by A. E. Buckman against Mary Hatch and others. Judgment for plaintiff, and William Nicol, one of the defendants, appeals. Affirmed.

John H. Henderson for appellant; E. G. Knapp and Wm. H. Chapman for respondent.

GRAY, C.—This is an action to foreclose a street assessment. There was no demurrer to the complaint, but defendants answered, and on a trial plaintiff obtained judgment. Defendant Nicol appeals from the judgment, and the record on said appeal consists of the judgment-roll without a bill of exceptions.

Two points are made by appellant, both directed to the sufficiency of the complaint.

1. It is claimed that it appears from the face of the complaint that the resolution of intention describing the work was insufficient to confer jurisdiction on the board of supervisors, in that it did not show of what materials the cesspools and culverts mentioned therein were to be constructed. The complaint does not contain a copy of the resolution of intention, but the same is set out in the complaint according to its legal effect. We quote from the complaint as follows: "That under and in pursuance of said act approved March 18, 1885, and the acts amendatory thereof and supplementary thereof, the following proceedings were duly had and taken, to wit: That on the eighth day of July, 1895, the board of supervisors of said city and county, at a regular meeting thereof, duly made and passed a resolution, to wit, resolution of intention No. 12,603, describing the work, wherein and whereby said board resolved that it was their intention to order the following work in said city and county to be done and improvement to be made," etc. And further: "Said board of supervisors, deeming that the public interest and convenience required the above-described work to be done, duly gave, and made, and at a regular meeting of said board passed, its order and resolution designated as 'No. 12,893,' providing for and ordering said work to be done, and thereby duly gave and made its determination to order

the said work done, which said order and resolution No. 12,893, after it was so duly given, made, and passed, was signed by the said clerk of said board of supervisors, . . . . and by its order and resolution of award No. 13,113, duly given and made and passed therefor, . . . . did duly award the contract for said work and improvement to F. Leffler.'' And again: ''And all and singular the proceedings aforesaid and determinations of said boards and officers hereinbefore referred to, and of each of them, including those of said contractor and of his agents and assigns, were each and all duly given and made, and each and all acts aforesaid were duly performed, within the time and in the manner required by law.'' We think such allegations are sufficient to show that the board had jurisdiction to award the contract, and to sustain the judgment—at least in the absence of any demurrer to the complaint, and with no question appearing to have been made upon the trial as to the sufficiency thereof. If the reference to the resolution as ''describing the work,'' and the allegations to the effect that said resolution was ''duly given and made,'' ''duly had and taken,'' ''and in the manner required by law,'' and that the resolution awarding the contract was ''duly given, made, and passed,'' are all true, it must be that the first resolution fully described the materials of which the cesspools and culverts were to be constructed, for, if it did not contain such a description, the several resolutions were not ''duly given, made and passed''; and the action of the board was not ''duly had and taken'' in the premises. ''In pleading a judgment or other determination of a court, officer or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made,'' etc.: Code Civ. Proc., sec. 456; Improvement Co. v. Fulton, 4 Cal. Unrep. 151, 33 Pac. 1117; Williams v. Bergin, 127 Cal. 578, 60 Pac. 164.

Aside from the statute and decisions above cited, and the principle therein laid down, we think that every reasonable presumption may be resorted to to uphold the judgment. No objection having been taken to the complaint by demurrer, and the proceedings upon the trial not appearing in the record, it is not unreasonable to presume that at the trial evidence was given to uphold every allegation of the complaint, whether such allegation was defectively stated in the plead-

ing or not, and to this end we may presume that, without objection thereto, the original resolution of intention describing the work was put in evidence, and that said resolution contained a full description of the work as required by the statute, including a specific description of the materials of which the cesspools and culverts were to be constructed. We may admit, then, for the purpose of this decision, that the complaint was defective in its statement as to the description of the work contained in the resolution of intention; yet this defect in the pleading was not of such a nature that it could not be cured or waived by the reception of evidence, without objection, as to the matters imperfectly pleaded; and we will, therefore, assume that it was so cured or waived upon the trial of the case. It is too late for a defendant, after verdict, to object to defective allegations in the complaint, which, if pointed out by special demurrer before the trial, or by objections to the evidence at the trial, might have been obviated by amendment: Larkin v. Mullen, 128 Cal. 449, 60 Pac. 1091.

2. It is also contended that the complaint does not show that the contract fixed the time for the commencement or completion of the work. It does appear from the complaint that the superintendent of streets in his official capacity as such, fixed the time for the commencement of said work at fifteen days from and after the date of said contract, and for the completion thereof at ninety days from the date of said contract. This allegation shows a compliance with section 6 of the Vrooman act, under which these proceedings were had: Stats. 1885, p. 151. It was not necessary that this time be fixed in the contract, for the act does not require that it shall be so fixed: Fletcher v. Prather, 102 Cal. 413, 36 Pac. 658; Buckman v. Ferguson, 108 Cal. 33, 40 Pac. 1057. It is only necessary that within fifteen days after the execution of the contract the superintendent shall, in writing, authenticated with his official signature, fix the time: Buckman v. Ferguson, supra. In the absence of a demurrer, the allegation of the complaint as to the fixing of the time is clearly sufficient to sustain the judgment.

We advise that the judgment be affirmed.

We concur: Chipman, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.

TEMPLE, J.—I concur in the judgment.