THOMAS E. GRIER, JR., vs. MEREDITH I. SAMUEL.

1. MUNICIPAL CORPORATIONS—STREETS—INJURY TO PEDESTRIANS—LAW OF THE ROAD.

A pedestrian, injured by an automobile which is being driven on the left-hand side of a public highway, is *prima facie* entitled to recover.

2. PLEADING—ANTICIPATING DEFENSES.

The declaration in a pedestrian's action for injuries from being struck by an automobile driven on the left-hand side of a public road was not demurr-

Statement—Opinion.

able for failure to allege that the presence of the automobile on the wrong side was not due to circumstances consistent with proper caution on the part of defendant's servant who was driving; this being a matter of defense.

(*January* 29, 1913.)

Judges CONRAD and WOOLLEY sitting.
*Henry R. Isaacs* for plaintiff.
*Charles F. Curley* for defendant.
Superior Court, New Castle County, January Term, 1913.

ACTION ON THE CASE (No. 37, March Term, 1913) by Thomas E. Grier, Jr., against Meredith I. Samuel. Defendant filed special demurrer to the sixth count of plaintiff's declaration. Demurrer overruled, and upon election of defendant judgment of *respondeat ouster* is entered.

WOOLLEY, J., delivering the opinion of the court:

The substance of the negligence charged to the defendant by the sixth count of the plaintiff's declaration is that the servant of the defendant in driving his automobile eastwardly upon one street turned southwardly by a broad curve into an intersecting street upon what was the left-hand side thereof for vehicles going in that direction, and while upon that side ran into and injured the plaintiff, who was a pedestrian in the exercise of proper care. To this count the defendant filed a general demurrer, contending that the acts imputed to the defendant's servant did not of necessity constitute negligence, but on the contrary were consistent with diligence of the servant and with the lawfulness of his presence on that side of the street.

The rule that negligence in driving a vehicle, whereby one is injured, is actionable, is as ancient as the common law, and the rule that driving a vehicle upon the wrong side of the road, whereby injury is done, constitutes such negligence, is of almost equal antiquity. Following the common law the courts of this state early declared as "the law of the road" that "travelers are bound to take the right-hand side of the road; and if a person is found on the left or wrong side of the road when an accident occurs, he is liable for the consequences unless its cause be wholly attributable

to the other party, and he does all that prudence can do to avoid danger." *Reynolds v. Naudain*, 2 *Harr*. 317, 318.

[1, 2] If the defendant's servant drove his automobile on the left or wrong side of a public highway, as alleged in the count demurred to, then the defendant through his servant violated the law, and if that violation of the law had a casual relation to the injury inflicted upon the plaintiff, as is likewise alleged, then the plaintiff has a *prima facie* case upon which he may maintain an action (*Lindsay v. Cecchi*, 3 *Boyce*, 133, 80 *Atl*. 523, 35 *L. R. A.* [*N. S.*] 699), but the presence of the defendant's servant upon the wrong side of the highway and the consequent injury to the plaintiff may have been due to circumstances that were consistent with proper caution on the part of the servant and that discharged his master from the imputation of negligence. This, however, is a matter of defense to be pleaded and proven.

The demurrer is overruled, and upon the election of the defendant judgment of *respondeat ouster* is entered.