[Civ. No. 4988. Third Appellate District.—April 20, 1934.]

MARY M. GIGUIERE, Respondent, v. JOHN PATTERSON et al., Appellants.

Neal Chalmers, District Attorney, and Percy Napton, Deputy District Attorney, for Appellants.

Huston & Huberty for Respondent.

PLUMMER, J. — The petitioner had judgment against the respondents, as the Trustees of Washington School District, for the sum of $1400, balance found due by the court as the petitioner's salary as a school teacher of said district for the school year of 1931–1932. From this judgment the respondents appeal.

The petition in this cause alleges the qualifications of the petitioner as a school teacher of the state of California; that the appellants, as Trustees of the Washington School District for the school year of 1930–1931, regularly employed petitioner as a probationary teacher for said district, and that she acted as such during the school year of 1930–1931; that thereafter, and on or about June 1, 1931, the petitioner was employed by said trustees for the school year 1931–1932, and signified her willingness and intention to act as such teacher; that petitioner was regularly paid her salary as such teacher for the months of July and August, 1931; that upon the opening of school in September, 1931, she presented herself at the proper schoolroom in the school building maintained in said district, ready, willing and able to teach, but was notified by the defendants that her services were dispensed with; that no further salary was paid said petitioner for the school year of 1931–1932, and that on or about the third day of September, 1932, petitioner made demands upon defendants for the balance of her accrued salary. It was for this sum that judgment was entered in favor of the petitioner.

The defense in this action appears to have been based upon the theory or contention that the services of the petitioner were to be had only in the event that a sufficient number of pupils attended said school to form the class which it was intended that the petitioner should teach, and that upon the opening of the school there was not a sufficient number of pupils present to form a class, and the petitioner was requested to await the attendance of such number. It would appear from the record that such num-

ber of pupils did subsequently attend, but that the petitioner, as found by the court, was never notified thereof, and no sufficient efforts were made by the trustees to notify the petitioner of the attendance of such number of pupils.

The court found that the petitioner was at all times willing, able and ready to discharge the services required to be performed under her contract with the trustees. It appears from the record that the contract of employment arose by reason of the statutes provided for the re-employment of teachers, unless on or before a certain date, notice of dismissal is given by the trustees. No question is made, however, in this case, as to the fact of employment. The only question is as to whether the petitioner abandoned the contract, or failed and refused to perform such duties by reason of not presenting herself at the schoolroom of said school upon there being present a sufficient number of pupils to form a class.

As already stated, the court found that if the contention of the appellants is true that the petitioner was to await notification that a sufficient number of pupils were present to require her services, no sufficient notice was ever given, although such number of pupils did afterwards attend. As this contention appears to be sufficiently supported by the testimony, further discussion thereon would appear to be unnecessary.

Upon this appeal the appellants propounded eleven questions to be answered, assuming that they are all involved in this action, to wit:

"1. Can it be held as a matter of fact or of law that respondent performed all the conditions of her teaching agreement?

"2. As a matter of law, was it not respondent's duty to seek other employment?

"3. As a matter of both fact and law, was not respondent's failure to teach due to her own fault or physical condition?

"4. Can it be held as a matter of law that respondent was by the Board of Trustees of Washington School District discharged as a teacher?

"5. Can it be held as a matter of fact that she was prevented from teaching by the Board of Trustees of Washington School District?

"6. As a matter of law, did not respondent abandon her agreement?

"7. Are not the rules of law pertaining to contracts of service applicable to instant case?

"8. Is not the judgment as a matter of law, erroneous in that it recites that defendant was discharged as a teacher?

"9. In a contract for services, as a matter of law, was it not incumbent upon respondent to show by a preponderance of the evidence that she personally performed the services?

"10. Is finding No. 8 that respondent was prevented from teaching by appellant supported by the evidence?

"11. Can it be held that the power to discharge or hire teachers may be delegated to one member of a school board without formal action or some action by said board?"

Several of these questions are answered by the admissions in the pleadings. Paragraph VIII of the complaint, which is undenied in the answer, reads as follows: "That on the 14th day of September, 1931, the beginning of the school term of said Washington School District, plaintiff and petitioner presented herself as a teacher of said school, and proceeded to organize and conduct classes therein; that on the said 14th day of September, 1931, at or near the end of said day, defendants and respondents verbally notified plaintiff and petitioner that her services were thereupon dispensed with, and did further thereupon prevent, and ever since continuously have prevented plaintiff and petitioner from continuing to teach in said school as a regularly employed teacher therein."

In the face of this admission, questions numbered 3, 4, 5, 8, 9 and 10 become immaterial. We do not need to cite authorities to the effect that where a material portion of the pleadings, petition or complaint stands admitted, it is unnecessary for the petitioner or the plaintiff to introduce evidence in support thereof, and the court may properly make findings in accordance with the admissions of the pleadings, without the aid of testimony. Having admitted that the petitioner was prevented by the Board of Trustees from teaching in the Washington School District, that fact is sufficiently established. And also having admitted the pleading which states that the petitioner was so prevented from performing her contract of teach-

ing, question number 1 likewise passes out of the case. That the petitioner was not regularly and legally discharged as a teacher of Washington School District by the Board of Trustees thereof becomes wholly immaterial when the pleadings admit that the petitioner was prevented from teaching in accordance with her contract with the school trustees. Thus, question number 8 does not present anything which is in law material to the support of the judgment in this action.

It may be admitted that the petitioner was not legally discharged, yet having admitted that the teacher was prevented by the act of the trustees from teaching, the petitioner is entitled to compensation under her contract irrespective of whether she was or was not unlawfully discharged, there being nothing in the record showing that the services of the petitioner were legally dispensed with.

Likewise, question number 10 relating to finding number 8, which is based upon the admission of the pleadings, as well as upon the testimony, is completely answered. If question number 8 should be answered in the affirmative, as claimed by the appellants, we fail to see how it would affect the judgment in this action. It revolves around the statement which we have hereinbefore made. If prevented by the action of the trustees, as admitted in the pleadings, from teaching, even though the judgment erroneously recites the discharge of the petitioner as a teacher, as claimed by the appellants, it would be no cause for reversal herein in view of the admission of the pleadings. However, a reading of the judgment does not disclose any language showing that the petitioner was discharged from her position as a teacher in the Washington School District. Nor does finding number 8 show anything further than that the services of the petitioner were dispensed with, and that thereafter the appellants prevented the petitioner from continuing to teach in said school as a regularly employed teacher therein.

The judgment of the court is to the effect that the petitioner was at all times during the year 1931–1932, and ever since has been, and now is a probationary teacher in said school district.

Question number 9 to the effect whether it is incumbent upon the petitioner to show, by a preponderance of the evidence, that she personally performed her services, is

really outside of anything tendered by either the evidence or the pleadings. If prevented from performing services by the action of the appellants, that is the end of the controversy.

█ Questions numbered 2 and 7 are in fact answered by the provisions of sections 5.401, 5.680 and 5.681 of the School Code, as well as by what was said by this court in the case of *Dutart* v. *Woodward*, 99 Cal. App. 736 [279 Pac. 493]. The same rule as set forth in the Dutart case applies to probationary teachers. (*Blalock* v. *Ridgway*, 92 Cal. App. 132 [267 Pac. 713].)

█ The fact that the petitioner did not demand the balance of her salary until the expiration of the school year does not constitute laches such as to prevent the trial court from ever awarding judgment in favor of the petitioner, is definitely settled in the case of *LaShells* v. *Hench*, 98 Cal. App. 6 [276 Pac. 377].

█ Question number 11 propounded by the appellants is likewise outside of anything presented by the record for our consideration upon this appeal. The pleadings having admitted that the defendants and appellants prevented the petitioner from performing her services under her contract with the appellants, no issue is raised as to whether there was or was not any delegation of authority. █ There seems to be nothing in the record to justify any contention that the petitioner was not able to perform her duties as a teacher in said district during substantially all the time covered by said school year. The fact that there is some testimony to the effect that she was ill for a period of one week is not sufficient to constitute an abrogation of the contract.

The appellants call our attention to the cases of *Kennedy* v. *Board of Education*, 82 Cal. 483 [22 Pac. 1042], *Martin* v. *Fisher*, 108 Cal. App. 34 [291 Pac. 276], and *Buckman* v. *Ferguson*, 108 Cal. 34 [40 Pac. 1057]. None of these cases, upon examination, appear to be pertinent to any of the issues involved herein. The Kennedy case is to the effect only that where a teacher is employed to teach in a certain grade in a certain school, such teacher can be transferred to another school, but it must be of the same grade. The case of *Martin* v. *Fisher*, *supra*, went off on the question of there not being any school funds in the treasury available for the

payment of the petitioner's salary for the year involved in the action. The Buckman case relates only to the power of one street superintendent who succeeds another to complete a street contract partly initiated, but not completed, by a former street superintendent, and has no bearing upon the issues here involved.

In view of the admission in the pleadings as to the vital questions involved in this action, it does not seem to us necessary to set forth the testimony showing that the findings of the court are amply sustained, nor would it serve any useful purpose to review the many cases cited by counsel having to do with the wrongful discharge, or attempted wrongful discharge of either permanent or probationary teachers, as no new questions of law are tendered for our consideration.

The judgment of the trial court is affirmed.

Pullen, P. J., and Thompson, J., concurred.