FLOYD W. BENTLEY, Plaintiff, v. INTERIOR MILLING COMPANY, a corporation of the State of Pennsylvania, Defendant.

(*November* 5, 1952.)

HERRMANN, J., sitting.

*Everett F. Warrington* for the Plaintiff.

*Samuel R. Russell* (of Tunnell and Tunnell) for the Defendant.

Superior Court for Sussex County, No. 222, Civil Action, 1950.

HERRMANN, J.:

This cause having come on for trial before the Court, trial by jury having been expressly waived by both parties, and the evidence adduced by the parties having been duly considered, the Court makes the following

Findings of Fact

1. The motor vehicle collision occurred on February 13, 1950 on Route 13 near Stark's Corner in New Castle County. The scene of the accident was not within any city, town or village.

2. At the locus of the accident, Route 13 is a divided dual highway consisting of two lanes for northbound traffic and two lanes for southbound traffic, the northbound lanes being separated from the southbound lanes by a grass plot.

3. The defendant's truck was being driven upon the right lane of the two northbound lanes. The plaintiff was driving his automobile on the left lane of the northbound lanes, "cruising" along about 50 feet behind the defendant's truck.

4. The plaintiff was driving at a speed of approximately 40 miles per hour. He was not overtaking or attempting to pass the defendant's truck and he was not preparing to make a left turn off the highway.

5. The highway was of sufficient width and it was not otherwise impracticable for the plaintiff to travel on the right side of the highway.

6. The defendant's agent turned suddenly from the right lane into the left lane and into the path of the plaintiff's automobile thereon without first seeing that such movement could be made in safety and without giving any signal of his intention to make such turn, in violation of *Code*, § 5634.

7. The plaintiff's automobile struck the rear of the defendant's truck.

From the foregoing Findings of Fact, the Court reaches the following

### Conclusions of Law

■ 1. The defendant was guilty of negligence *per se* in that its agent violated 1935 *Code*, § 5634, and such negligence was a proximate cause of the accident.

■ 2. The plaintiff was guilty of negligence *per se* in that he failed to drive upon the right half of the highway in violation of 1935 *Code*, § 5626[1], and such negligence was a proxi-

3. Having been guilty of contributory negligence, the plaintiff may not recover.

Judgment will be entered for the defendant for costs.

### Memorandum Decision

The plaintiff advances a contention which merits further discussion. He points out that *Code*, § 5626 does not require a motorist to drive to the right if he is on a "one way street". He argues that the two northbound lanes of Route 13 constitute a "one way street" within the meaning of the Statute and that, therefore, he was not guilty of violation of the Statute and negligence *per se* by reason of his failure to drive upon the right lane of the two northbound lanes of the divided dual highway.

The word "street" is a plain and unambiguous word having a meaning which has long been clear and well established. By definition, a "street" is a thoroughfare in a city, town or village as distinguished from a county or state road. *Webster's New International Dictionary* (2d Ed.); *Black's Law Dictionary* (2d

---

[1]1935 *Code*, § 5626 provides as follows:

"5626. Sec. 88. Drive on Right Side of Highway:—Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway and shall drive a slow moving vehicle as closely as possible to the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle * * *."

mate cause of the accident.

Ed.) ; 2 *Bouv. Law Dict., Rawle's Third Revision,* p. 3156; *cf. Carlin v. City of Chicago,* 262 *Ill.* 564, 104 *N. E.* 905, 907; *Carli v. Stillwater St. Ry. & Transfer Co.,* 28 *Minn.* 373, 10 *N. W.* 205; *Bituminous Lime Rock Paving & Improvement Co. v. Fulton,* 4 *Cal. Unrep. Cas.* 151, 33 *P.* 1117. It has been noted that the term "street" is not sufficiently broad to include all highways, but all streets are embraced within the generic term "highways". *Duval County Com'rs v. City of Jacksonville,* 36 *Fla.* 196, 18 *So.* 339, 344, 29 *L. R. A.* 416; *Lamkin v. State,* 136 *Tex. Cr. R.* 311, 123 *S. W.* 2d 662. Courts have quite uniformly recognized that the word "street", in its general sense and in its usual and ordinary meaning, denotes a road in a city, town or village as distinguished from a road in the open country. See 40 *Words and Phrases* pp. 257, 267 *et seq.* It has been said that a "highway" becomes *ipso facto* a "street" when it passes through a municipality. *City of Ellisville v. State Highway Commission,* 186 *Miss.* 473, 191 So. 274, 275.

█ Since the locus of the accident in the instant case was not within a city, town or village, the common and established meaning of the word "street" bars the conclusion that the plaintiff was driving on a "one way street" within the exception of *Code,* § 5626. In the absence of some indication of legislative intent to the contrary, common words in a statute are presumed to have been used in their common sense. 2 *Sutherland Statutory Construction* (3d Ed.) p. 429. I find no basis for an assumption that the Legislature intended to use the word "street" in *Code* § 5626 in any sense other than in its common ordinary sense. The general duty to drive on the right side of the road has always been the law of this State. *Lynch v. Lynch,* 9 *W. W. Harr.* 1, 195 *A.* 799, 802. That duty has common law derivation. *Grier v. Samuel,* 4 *Boyce* 74, 85 *A.* 759, 760. In the absence of a manifest intent of the Legislature to the contrary, the word "street" in *Code,* § 5626 may not be so loosely construed as to be in conflict not only with its common meaning but also with the common law. Indeed, I would find it somewhat disparaging to label

as "one way streets" the superior divided parkways which constitute the arterial system of highways of our State.

The plaintiff argues that the opening of the first divided dual highway in this State in 1929 was practically contemporaneous with the adoption of *Code*, § 5626 and that, therefore, it is reasonable to assume that the Legislature contemplated the new one way highways when it excepted one way streets from the general requirement that motorists must drive to the right. I do not find that contention to be persuasive.[2] Our *Code*, § 5626 is identical to a statute adopted in Pennsylvania in the same year. See *Gaskell v. Melella,* 144 *Pa. Super.* 78, 18 *A.* 2d 455, 457. It is apparent that the two States acted in concert in adopting a uniform statute governing rules of the road and that the exception of "one way streets" was not caused by the then new dual highway in this State.

Accordingly, it is held that *Code* § 5626 imposed upon the plaintiff the general duty of driving upon the right lane of the dual highway when outside a city, town or village. Since it was practicable for the plaintiff to drive in the right lane and since he was neither overtaking or passing another vehicle nor preparing to turn left off the highway, it is held that he was violating the Statute, and therefore guilty of negligence *per se,* by reason of the fact that he was "cruising" in the left lane of the dual highway.

---

[2]By later enactments in 1945 and 1947, the Legislature provided certain rules of the road for, "dual or multiple lane" highways, "divided highways" and "one way highways". See 45 *Del. Laws, pp.* 1008, 1048 and 46 *Del. Laws, p.* 359. It seems significant that in so doing the Legislature did not modify the general requirements of *Code* § 5626.