**Harry WELTMAN, Plaintiff,**

v.

**Ozzie SILNA, Daniel Silna, Donald Schupak, Spirits of St. Louis Basketball Club, L.P., and Pak Fabrics, Inc., d/b/a Pak Fabric Sale Company, Defendants.**

No. 87–0091C (A).

United States District Court,
E.D. Missouri, E.D.

May 25, 1990.

478

James D. Cullen, Leo Garvin, Jr., Garvin, Steiner, Cavanaugh & Mehan, St. Louis, Mo., for plaintiff.

Gallop, Johnson & Neuman, David W. Harlan, Thomas M. Newmark and Philip E. Morgan, Jr., St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

HARPER, District Judge.

This case concerns a dispute arising out of a limited partnership agreement. Plaintiff, Harry Weltman (hereinafter Weltman), filed suit for damages resulting from an alleged breach of a limited partnership agreement and an accounting of the funds owing under the agreement. The documents in question are comprised of a Certificate of Limited Partnership of Spirits of St. Louis Basketball Club, L.P., dated October 14, 1974 (hereinafter the partnership agreement); and a Certificate of Amendment filed with the Secretary of State of the State of Delaware on April 15, 1975 (hereinafter the amendment). The facts giving rise to this dispute are as follows:

In 1973, Weltman was contacted by defendant, Donald Schupak (hereinafter Schupak). Schupak asked Weltman to locate a sports franchise for Schupak and two of his clients. Weltman was successful in finding an American Basketball Association (hereinafter ABA) franchise available for purchase. This franchise was acquired by a limited partnership, and was moved to St. Louis, Missouri, where it became the St. Louis Spirits Basketball Club (hereinafter Spirits) during the 1974–75 and 1975–76 ABA seasons. The limited partnership was evidenced by the partnership agreement which named the following partners: Pak Fabrics, Inc., general partner; and Schupak, Weltman, Eric Rosenfeld, Ozzie Silna and Daniel Silna, limited partners. An amendment to the partnership agreement was filed on April 15, 1975 which named the following partners: Pak Fabrics, Inc., general partner; Franklin Sands, Max Grossman, Valerie Simpson, Nate Goodwin, Seymour Morris, Donald Calaman, Twin Oaks Associates, Richard Larner and Bruce Grassfield as Class I Limited Partners; and Ozzie Silna, Daniel Silna, Donald Schupak, Stanley Fleischer and Barry Florescue as Class II Limited Partners. Weltman was not named as a limited partner by the amendment. He did, however, sign the amendment in the capacity as President of Pak Fabrics, Inc., the general partner, and as attorney-in-fact for the limited partners.

Weltman claims that the amendment was an invalid attempt to nullify his partnership interest in the profits generated by the Spirits. He claims that defendants have wrongfully withheld a percentage of the profits which are due him under the original partnership agreement. Defendants counter that the amendment effectively caused the termination of Weltman's partnership interest, and that under the terms of the amendment, Weltman is not entitled to any of the profits generated. The issue, therefore, centers directly on the validity of the amendment.

## FINDINGS OF FACT

1) This is a suit between parties of diverse citizenship with the amount in controversy exceeding ten thousand dollars.[1] The Court has jurisdiction over the complaint.

2) Weltman at the time this action was commenced was a citizen of the State of Ohio.

3) Ozzie Silna at the time this action was commenced was a citizen of the State of New Jersey.

4) Daniel Silna at the time this action was commenced was a citizen of the State of New Jersey.

5) Schupak at the time this action was commenced was a citizen of the State of Nevada.

6) Pak Fabrics, Inc. is a corporation organized and existing under the laws of the State of New Jersey. It is an inactive corporation with no principal place of business.

7) The Spirits is a Delaware limited partnership.

8) Venue is proper in the Eastern Division of the Eastern Judicial District of Missouri.

9) On October 14, 1974, Pak Fabrics, Inc., Weltman, Schupak and the Silnas entered into a limited partnership agreement wherein Pak Fabrics was named as general partner, and Weltman, Schupak and the Silnas were named as limited partners. The subject of this agreement was the ownership of the Spirits.

10) Weltman purportedly contributed $500.00 for his interest in the limited partnership, yet was unable to establish when, where or how such contribution was completed or whether such contribution was actually made.

11) Weltman was named as President and General Manager of the Spirits.

12) On April 15, 1975, an Amendment to the partnership agreement was filed with the Secretary of State for the State of Delaware. Weltman was not named as a limited partner in the amendment. Weltman, however, signed the amendment as President of Pak Fabrics, Inc., the general partner, and as attorney-in-fact on behalf of Pak Fabrics, Inc. for all of the limited partners, then existing.

13) The limited partners named in the amendment each signed a power-of-attorney, giving Schupak the power-of-attorney in matters connected with the Spirits' partnership interests.

14) After the Spirits' second season in St. Louis, the ABA went out of existence. The Spirits assigned and/or sold their player contracts to teams participating in the National Basketball Association (hereinafter NBA). A portion of the NBA's national television revenue is payable in perpetuity to the Spirits, pursuant to a settlement arranged by the Spirits and other owners of former ABA teams.

15) Weltman had demanded of defendants a share of the television payments paid or to be paid to the partnership pursuant to the settlement, or an accounting of such payments, but defendants have refused payment or accounting.

16) The cause was tried before the court in March 21, 1988.

17) On September 21, 1988, the Court entered its opinion finding that under the Delaware Limited Partnership Act, as amended in 1986, Weltman withdrew from the partnership and judgment was entered in favor of defendants.

18) Weltman subsequently appealed the decision and the Eighth Circuit Court of Appeals reversed and remanded the action to this court holding that the law applicable to the cause of action was the Delaware Limited Partnership Act as it existed prior to the 1986 amendment. 879 F.2d 425.

19) On January 2, 1990, the parties stipulated that the cause of action was to be submitted to the court upon the prior trial record with no additional evidence presented.

---

**1.** Case filed on January 15, 1987, by removal, prior to the revision of 28 U.S.C. § 1332(a), where the amount in controversy was raised to $50,000 effective May 19, 1989.

**480**

## CONCLUSIONS OF LAW

 The partnership agreement is governed by the law of the State of Delaware. The issue in dispute concerns the validity of an amendment to the partnership agreement. The applicable state law is found in Del.Code title 6, §§ 1701 et seq.[2] Weltman claims that the amendment is invalid because he did not sign it in his capacity as a limited partner as required under Delaware law. Weltman further argues that the amendment is ineffective as an assignment of his interest because he did not sign it in the capacity of an assignor. Defendants argue that the amendment is valid because Weltman signed it in the capacity of a general partner and as an attorney-in-fact for the new limited partners. Defendants further argue that plaintiff's signature as an assignor was unnecessary because the amendment did not purport to assign his interest. Based on the live and deposition testimony and the exhibits produced by all the parties, the Court finds that the amendment purported to effectuate the withdrawal of Weltman as a limited partner and the admission of additional limited partners to the existing partnership. The following statutory provisions are pertinent to the issue concerning the validity of the amendment:

**§ 1702. Formation.**

(a) Two or more persons desiring to form a limited partnership shall:

(1) Sign and swear to a certificate which shall state:

a. The name of the partnership;

b. The character of the business;

c. the address ... of the partnership's registered office in this State ...

d. The name and place of each member; general and limited partners being respectively registered;

e. The term for which the partnership is to exist;

f. The amount of cash ... contributed by each limited partner; ...

. . . . .

j. The right, if given, of a limited partner to substitute an assignee as contributor in his place, and the terms and conditions of the substitution;

k. The right, if given, of the partners to admit additional limited partners;.... (6 Del.C.1953, § 1702; 59 Del.Laws, c. 105, § 1.).

**§ 1708. Admission of additional limited partners.**

After the formation of a limited partnership, additional limited partners may be admitted upon filing an amendment to the original certificate in accordance with § 1725 of this title. (6 Del.C., 1953, § 1708; 59 Del.Laws, c. 105, § 1.).

**§ 1710. Rights of a limited partner.**

... (b) A limited partner shall have the right to receive a share of the profits or other compensation by way of income, and to the return of his contribution as provided in §§ 1715 and 1716 of this title. (6 Del.C., 1953, § 1710; 59 Del.Laws, c. 105, § 1.).

**§ 1715. Compensation of limited partner.**

A limited partner may receive from the partnership the share of the profits or the compensation by way of income stipulated for in the certificate; provided, that after such payment is made, whether from the property of the partnership of that of a general partner, the partnership assets are in excess of all liabilities of the partnership except liabilities to limited partners on account of their contributions and to general partners. (6 Del.C.1953, § 1715; 59 Del.Laws, c. 105, § 1.).

**§ 1716. Withdrawal or reduction of limited partner's contribution.**

... (c) In the absence of any statement in the certificate to the contrary to the consent of all members, a limited partner, irrespective of the nature of his contribution, has only the right to demand and receive cash in return for his

---

**2.** 6 Del.C.1953, §§ 1701 et seq. is utilized at the direction of the Eighth Circuit pursuant to their remand of the instant action.

contribution.... (6 Del.C.1953, § 1716; 59 Del.Laws, c. 105, § 1.).

## § 1724. When certificate shall be cancelled or amended.

... (b) A certificate shall be amended when:

... (3) An additional limited partner is admitted; ...

(10) The members desire to make a change in any other statement in the certificate in order that it shall accurately represent the agreement between them. (6 Del.C.1953, § 1724; 59 Del.Laws, c. 105, § 1.).

## § 1725. Requirements for amendment and for cancellation of certificate.

(a) The writing to amend a certificate shall:

(1) Conform to the requirements of § 1702, subsection (a)(1) of this title as far as necessary to set forth clearly the change in the certificate which it is desired to make; and

(2) Be signed and sworn by all members, and an amendment substituting a limited partner or adding a limited or general partner shall be signed also by the member substituted or added, and when a limited partner is to be substituted, the amendment shall also be signed by the assigning limited partner.... (6 Del.C.1953, § 1725; 59 Del. Laws, c. 105, § 1.).

## § 1730. Rules for cases not provided for in this chapter.

In any case not provided for in this chapter the agreement between the partners and the rule of law and equity, including the law merchant, shall govern. (6 Del.C.1953, § 1730; 59 Del.Laws, c. 105, § 1.).

The limited partnership agreement in the instant case, to be effective, must comply with Delaware Limited Partnership Act (hereinafter referred to as the Act), 6 Del.C.1953, §§ 1701 et seq. The Act's provisions are intended to govern the determination of essentially all questions arising out of the formation and operation of limited partnerships formed after 1973. When, however, the limited partnership agreement and Act are silent as to a particular obligation or right held by a limited partner, the statute must be construed so as to flesh out the parties agreement consistent with promoting the policy of the Act, that of creating and maintaining certainty in business relationships.

The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention or purpose of the legislature, as expressed in the statute. *Balma v. Tidewater Oil Co.,* 214 A.2d 560, 562 (Del.1965). In statutory construction, there is a presumption against any unreasonable or impracticable execution or performance of the statute. *E.I. Du Pont De Nemours & Co. v. Clark,* 88 A.2d 436, 438 (Del.1952). Further it is presumed that the legislature used the words in the statute in their ordinary and common meaning. *Bentley v. Interior Milling Co.,* 93 A.2d 121, 122, 123 (Del.Super.Ct.1952); *E.I. Du Pont De Nemours & Co. v. Clark,* 88 A.2d at 438.

The instant action involves the validity of the limited partnership amendment where an existing limited partner is not included in the amended version of the limited partnership membership composition. Neither the Act nor the original limited partnership agreement address the current issue. Consequently, Section 1730 of the Act and the general presumptions and rules concerning statutory construction direct the Court to construe the Act for the resolution of the issue.

In order for the limited partnership amendment to be valid and operative, all the conditions of § 1702(a)(2) must be met which requires that a certificate documenting the partnership's membership composition, purpose, address, member contributions and members rights be signed and sworn to by the persons desiring to form or amend the limited partnership. Section 1702 requires compliance with the Act by all *members* of the limited partnership. This Court is of the opinion that the reasonable and proper definition of the term "member" in § 1702 includes existing limited partners evidenced by interests in the partnership and new limited partners to be

added by amendment. It is further the opinion of this Court that the term "member" may not be reasonably construed to include former limited partners no longer maintaining an enforceable interest in the limited partnership. Further, the partnership agreement specifically approves of the admission of additional limited partners who obtain the written consent of the general partner.

■ Based on all the evidence, this Court is of the opinion that the limited partnership amendment is valid and operative since it conforms to the original certificate and the Act. Weltman signed the amendment as president of Pak Fabrics, Inc., general partner, which thereby was the general partner's expression of consent to approve the admission of additional limited partners through the amendment of the limited partnership certification. It is further the opinion of the Court that Weltman's signature in his capacity as a withdrawn limited partner was not required for the efficacy of the amendment to the limited partnership agreement. This Court is convinced that Weltman withdrew from the limited partnership prior to the amendment. There was insubstantial evidence as to whether Weltman paid the $500 initial investment for his interest in the limited partnership and whether, therefore, he was to receive consideration for resigning his interest. Last, the evidence established that all existing limited partners and new limited partners signed and swore the amendment, in conformity with §§ 1702, 1724 and 1725.

Pursuant to § 1725(a)(2), a former limited partner is, however, required to sign the amendment only where such limited partner assigns his/her interest to another to be substituted in his/her place. 6 Del.C., 1953, § 1725(a)(2). Weltman would have been required to sign the amendment if he assigned his interest in the limited partnership to another limited partner, whether new or existing, to be substituted in his place. The Court is, however, of the opinion that there is insubstantial evidence to establish that Weltman assigned his limited partnership interest to one or more of the new or existing limited partners.

Since neither the Act nor the original partnership certificate require the signature of a withdrawing limited partner, the Court is of the opinion that Weltman's signature in his capacity as a limited partner was not a requirement under the original partnership certificate or the Act, for the purpose of validating the subsequent amendment. Further, the amendment to the limited partnership agreement is valid and operative as all requirements of the Act and original limited partnership agreement were complied with. Therefore, since Weltman was not included as a limited partner in the amended limited partnership certificate, he is not entitled to judgment in the instant action.

Accordingly, the Court finds that judgment will be granted in favor of the defendants. The Clerk of the Court will prepare and enter the proper judgment in accordance with the findings of this Court.