[No. 14162.    Department One. — December 10, 1892.]

THE PACIFIC PAVING COMPANY, RESPONDENT, *v.* JAMES R. BOLTON ET AL., APPELLANTS.

STREET ASSESSMENT — FORECLOSURE OF LIEN — ORDER FOR WORK — PLEADING — JURISDICTIONAL FACTS — ORDER DULY GIVEN AND MADE. — An allegation, in a complaint in an action to foreclose the lien of a street assessment, that the city council, deeming it necessary, " duly gave and made its determination to order the work done," is a statement in legal effect that everything necessary to be done to give the order validity had been done, and the complaint need not set forth the steps required by the statute to give the city council jurisdiction to order the work done.

APPEAL — DIMINUTION OF RECORD — SUBSTITUTION OF EXECUTORS — CERTIFIED COPY OF ORDER. — An objection that the record upon appeal does not show that the executors of a deceased defendant were substituted in his place is obviated by the filing in this court of a certified copy of the order of substitution.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*J. M. Wood,* for Appellants.

*Otto tum Suden,* for Respondent.

PATERSON, J. — This is an action to foreclose the lien of a street assessment. The only question presented on appeal is as to the sufficiency of the allegations of the complaint.

Appellant contends that the complaint is insufficient, because it is not alleged that before ordering the work done the council passed a resolution of intention so to do, or that the superintendent posted or published the notice required by section 3 of the act under which the work was done.   The complaint, however, alleges that " on the twenty-fourth day of July, 1888, the city council of the city and county of San Francisco, deeming it necessary, duly gave and made its determination to order the work done," and this we think, although not clearly expressed, is sufficient.   The act provides (section 3) that " at the expiration of ten days after the expiration of the time of the publication, and at the expiration of fifteen days after the posting of any resolution of intention, if no written objection to the work therein described has been delivered, as aforesaid, by the owners of one half or more of the frontage of the property fronting on said work or improvement, the city council shall be deemed to have acquired jurisdiction to order any work to be done."   Our code provides that " in pleading a judgment or other determination of a court, *officer, or board,* it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made.   If such allegation be controverted, the party pleading must establish on the trial the facts conferring jurisdiction."   (Code Civ. Proc., sec. 456.)   The board had no jurisdiction to proceed until the steps required by the statute were taken.   When the requirements of the statute were complied with, the board acquired jurisdiction to make the order providing for the work.   An allegation that such order was duly given and made is a statement in legal effect that everything necessary to be done to give the order validity has been done.   (*Himmelman* v. *Danos,* 35 Cal. 448; *Los Angeles* v. *Waldron,* 65 Cal. 284.)

There are some minor points made in appellants' opening brief, but we do not think they require special notice.   The objection that the record does not show

that the executors of Bolton were substituted in his place has been obviated by the filing in this court of a certified copy of the order of substitution.

Judgment affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.