[S. F. No. 2548.    In Bank.—April 14, 1903.]

## A. E. BUCKMAN, Respondent, v. MARY HATCH et al., Defendants. WILLIAM NICOL, Appellant.

STREET ASSESSMENT—FORECLOSURE—INSUFFICIENT COMPLAINT—OBJEC-
TION UPON APPEAL.—Where the complaint in an action to foreclose
the lien of a street assessment fails to state a cause of action, for
want of essential facts, objection thereto is not waived by failure
to demur, nor cured by verdict or judgment, and may be urged upon
appeal from the judgment of foreclosure.

ID.—RESOLUTION OF INTENTION—INSUFFICIENT DESCRIPTION—PROCEED-
INGS ALLEGED TO BE " DULY GIVEN AND MADE."—The complaint
in such action setting forth that the board of supervisors at a regu-
lar meeting "duly made and passed" a resolution of intention
"describing the work," in and by which they declared their inten-
tion to order certain work done which was particularly described
in the complaint, the description of which appears to be insufficient
to give the board jurisdiction to order the work, or to sustain the
lien of the assessment therefor, states no cause of action; and the
insufficiency of the complaint is not remedied by the averments that
the resolution of intention and order for the work and award of
the contract were "duly made and passed," and that all of the
proceedings had were "duly given and made." [Angellotti, J.,
and Shaw, J., dissenting.]

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Frank J. Murasky,
Judge.

The facts are stated in the opinion of the court.

John H. Henderson, for Appellant. ·

The description of work in the resolution of intention, set
forth in the complaint, is insufficient in that it did not show of
what materials cesspools and culverts were to be constructed,
and the whole assessment is therefore void. (*Schwiseau* v.
*Mahon,* 128 Cal. 114; *San Jose* v. *Auzerias,* 106 Cal. 498; *Fay*
v. *Reed,* 128 Cal. 357.)

Bigelow & Dorsey, and R. M. F. Soto, for Appellant.

A defect consisting in the omission of an essential fact
from the complaint is not cured by verdict, finding, or judg-

ment. (Code Civ. Proc., sec. 434; *Hurley* v. *Ryan,* 119 Cal. 71, 72; *Locke* v. *Klunker,* 123 Cal. 231, 239; *Hopkins* v. *Warner,* 109 Cal. 133, 139; *Fay* v. *Reed,* 128 Cal. 357, 358; *Bane* v. *Peerman,* 125 Cal. 220, 221; *Bernal* v. *Gleim* 33 Cal. 668, 676; *Barron* v. *Frink,* 30 Cal. 486, 489; *Estate of McKinley,* 49 Cal. 152, 155.) An allegation that a resolution of intention or other order of the board relating to street work was "duly given and made," is not within the protection of section 456 of the Code of Civil Procedure. Such a resolution or order is legislative only, and not judicial or quasi-judicial. (*Quinchard* v. *Trustees,* 113 Cal. 664, 669, 671; *Wulzen* v. *Board,* 101 Cal. 15, 24; [1] *People* v. *Oakland Board,* 54 Cal. 375-376, 377; *State* v. *Washoe County Commrs.,* 23 Nev. 247, 249; *People* v. *Supervisors,* 124 Cal. 274; *People* v. *Supervisors,* 122 Cal. 421.) The acts of the superintendent of streets are all ministerial in their character, and do not call for the exercise of judicial function. (*Quinchard* v. *Trustees,* 113 Cal. 671.) The power to determine what material shall be used in street improvements is legislative and cannot be delegated. (*Baltimore City* v. *Stewart,* 92 Md. 535, 550; *St. Joseph* v. *Wilshire,* 47 Mo. App. 125, 130.; *Rich Hill* v. *Donnan,* 82 Mo. App. 386, 389.) The complaint is radically insufficient, because the description set forth *in hæc verba* shows a failure of the resolution to describe the work as required by section 3 of the Street Improvement Act. (*Williamson* v. *Joyce,* 137 Cal. 107; *Schwiesau* v. *Mahon,* 128 Cal. 114, 115, 116.) The words "describing the work" are a mere recital, and the description itself is expressly inserted *in hæc verba.* Allegations of material facts by way of recital only are insufficient even on general demurrer. (*Valentine* v. *Lunt,* 115 N. Y. 496, 501; *Spiker* v. *Bohrer,* 37 W. Va. 258; *Erwin* v. *Central Union Tel. Co.,* 148 Ind. 336.) The court having found that all the allegations of the complaint are true, the specific fact of description alleged must control the recital (*Savings and Loan Society* v. *Burnett,* 106 Cal. 540; *Howeth* v. *Sullenger,* 113 Cal. 551; *Smith* v. *Los Angeles etc. Ry. Co.,* 98 Cal. 217), and the defendant is entitled to a reversal, with an order for judgment on the findings. (*Dyer* v. *Chase,* 57 Cal. 284; *Oakland Paving Co.* v. *Bagge,* 79 Cal. 441.)

[1] 40 Am. St. Rep. 17.

William H. Chapman, E. G. Knapp, and Charles W. Slack, for Respondent.

The allegation that the board "duly made and passed" a resolution "describing the work" is a sufficient allegation that it described it in all respects as the law requires. If the complaint be inartificial and bad pleading, it is sufficient after decree to sustain the judgment in the absence of any demurrer. (*Garner* v. *Marshall,* 9 Cal. 268; *Mills* v. *Barney,* 22 Cal. 240; *People* v. *Rains,* 23 Cal. 127-130; *Jones* v. *Block,* 30 Cal. 227; *Hersfeld* v. *Aiken,* 3 Mont. 452; *Nicolai* v. *Krimbel,* 29 Ark. 84; *San Francisco* v. *Perrine,* 93 Cal. 465; *Alexander* v. *McDow,* 108 Cal. 29; *San Joaquin Lumber Co.* v. *Welton,* 115 Cal. 4; *Williams* v. *Ashe,* 111 Cal. 189.) The general allegation that "all and singular the proceedings aforesaid are determinations of said board . . . were . . . duly given and made . . . in the manner required by law," is, under section 456 of the Code of Civil Procedure, equivalent to an allegation that the resolution of intention contained a full description of the work and complied in all respects with the law. (*Beans* v. *Emanuelli,* 36 Cal. 117; *Los Angeles* v. *Mellus,* 59 Cal. 444-451; *Wise* v. *Hogan,* 77 Cal. 189;[1] *McCann* v. *Pennie,* 100 Cal. 553.) The objection that the words "describing the work" are not a sufficient allegation in the absence of a special demurrer ought not to be allowed to be urged upon appeal for the first time. (*Penrose* v. *Winter,* 135 Cal. 290, 291, 292.)

HENSHAW, J.—This action was to foreclose the lien of a street assessment. Defendants answered without demurrer, and judgment passed for plaintiff. Defendant Nicol appeals from the judgment upon the judgment-roll alone.

The principal point which he here urges is, that the complaint does not state facts sufficient to constitute a cause of action. This point is not waived by the failure to demur, nor is it cured by verdict or judgment. (Code Civ. Proc., sec. 434; *Hurley* v. *Ryan,* 119 Cal. 71; *Bane* v. *Peerman,* 125 Cal. 220; *Locke* v. *Klunker,* 123 Cal. 231; *Hopkins* v. *Warner,* 109 Cal. 133; *Fay* v. *Reed,* 128 Cal. 357.) The allegation of the complaint in question is as follows:—

"That under and in pursuance of said act, approved March

[1] 27 Am. Dec. 148.

18, 1885, and the acts amendatory thereof and supplementary thereto, the following proceedings were duly had and taken, to wit:—

"That on the eighth day of July, 1895, the board of supervisors of said city and county, at a regular meeting thereof, duly made and passed a resolution, to wit, resolution of intention No. 12,603, describing the work, wherein and whereby said board resolved that it was their intention to order the following work in said city and county to be done and improvement to be made, viz.:—

"That Corbett Avenue, from the easterly line of Clara Avenue to the southerly line of the crossing of Corbett Avenue and Caselli Avenue, be graded to the official line and grade; that redwood curbs and rock gutterways be constructed thereon, and that the roadway and sidewalks thereof be macadamized; that three cesspools and culverts be constructed on the crossing of Corbett Avenue and Caselli Avenue, and that a cesspool and culvert be constructed on Corbett Avenue at each of the following points, viz.: On the southwesterly and northwesterly corners of Clara Avenue; on the southwesterly corner of Hattie Street; on the northwesterly corner of Corbett Place; on the southwesterly corner of Danvers Street; on the westerly corner of Mars Street, and on the southeasterly corner of Moss Avenue; and that a cesspool, with culvert and grating, be constructed on the northerly curb line of Corbett Avenue, opposite Hattie Street, and on the northerly curb line of Corbett Avenue, opposite Danvers Street; and that an 18-inch iron-stone pipe sewer be constructed in the southerly portion of the intersection of Hattie Street and Corbett Avenue and on the southerly portion of the intersection of Corbett Avenue and Danvers Street."

It is plain that the resolution of intention here pleaded does not describe the work as required by section 3 of the Improvement Act. Under numerous decisions of this court the insufficiency of such a resolution to confer jurisdiction is declared, and, as a consequence, the board failed to obtain jurisdiction to order the work, and the assessment therefor created no lien upon the property. (*Schwicsau* v. *Mahon,* 128 Cal. 114; *Williamson* v. *Joyce,* 137 Cal. 107.) Indeed, it is not here contended that the resolution of intention as pleaded is sufficient to confer jurisdiction, but respondent

urges that his allegation that the resolution of intention was "duly made and passed," and the subsequent averment that the board "duly gave and made and . . . passed . . . its order and resolution . . . ordering said work to be done, and thereby gave and made its determination to order the said work done"; and the further allegation that the board, "by its order and resolution of award . . . duly given and made and passed therefor, did duly award the contract for said work"; and the final averment, to the effect that "all and singular the proceedings aforesaid and determinations of said boards and officers hereinbefore referred to, and each of them, including those of said contractor and of his agents and assigns, were each and all duly given and made, and each and all of the acts aforesaid were duly performed within the time and in the manner required by law," are sufficient, in the absence of demurrer and after judgment found, to cure this particular defect in the complaint.

Herein reliance is had upon section 456 of the Code of Civil Procedure, which provides: "In pleading a judgment, or other determination of a court, officer, or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading must establish on the trial the facts conferring jurisdiction." It is not now necessary to determine whether the resolution of intention passed by the board partakes sufficiently of the nature of a judgment or "other determination of a board" judicial in its character, to bring the pleading of it within the purview of the section. Conceding that it is within its contemplation, all the advantage that the plaintiff acquires by this brief form of code pleading is a relief from the necessity of pleading jurisdictional facts (*Weller* v. *Dickinson,* 93 Cal. 108), or, as applied to this particular resolution of intention, the complaint is sufficient to show that the board acquired jurisdiction to adopt a resolution of intention. A pleading that any judgment is duly given and made means this, and no more than this: that the court had jurisdiction to render a judgment, but the judgment as rendered by the court may, in and of itself, be a nullity. Its voidness may appear upon its face, and, if so, it cannot form the basis of a cause of action. Or it may appear from the judgment it-

self that it confers no right of action upon the plaintiff. A judgment of imprisonment for debt would be void upon its face, or if A, seeking to recover from B, should plead, with other proper averments, that the court duly made and gave its judgment, whereby it was adjudged that one hundred dollars was due from A to B, such a judgment could not form the foundation of an action for recovery upon the part of A against B. It would appear upon the face thereof that the right of action was in B. So here, the utmost that the pleader has shown is, that the board acquired jurisdiction to pass its resolution of intention, but by the same allegation he establishes that the resolution of intention which, in fact, the board did pass was void and wholly insufficient to confer upon it jurisdiction to make its subsequent orders and award. Nor can the allegations above quoted, that all and singular the proceedings and orders were "duly given and made," countervail against this radical defect. Every intendment of pleading and every presumption that can arise must perforce give way to the paramount fact shown by the complaint itself, that the resolution of intention which the board actually passed was insufficient to confer upon it jurisdiction to proceed further in the matter.

The judgment appealed from is therefore reversed.

McFarland, J., Van Dyke, J., Lorigan, J., and Beatty, C. J., concurred.

ANGELLOTTI, J., dissenting.—I dissent. I am of the opinion that the allegation as to the resolution of intention is sufficient in the absence of a special demurrer. While it is essential, under the decisions of this court, that the resolution of intention should state what materials are to be used in the proposed work, it has never been held, so far as I am advised, that the complaint in an action to foreclose the assessment lien must describe the work with the same degree of exactness. If, however, it affirmatively appears from the complaint that the resolution of intention did not so specify the materials; and, consequently, did not *describe the work* in the manner contemplated by statute, the complaint, of course, fails to state a cause of action. In this case it cannot, in my judgment, be said that this fact affirmatively appears. It is

alleged that the resolution of intention *described* the work, and this should be construed as alleging such a description as is required by the statute. The complaint does not say that the description of the work contained therein (i. e. in the complaint) is the same as that contained in the resolution, and such a conclusion is not the necessary effect of the allegations. The complaint may be somewhat ambiguous in this respect, but that was a matter for special demurrer.

The plaintiff is further assisted by the allegation of the complaint that the order for the work was duly given and made and passed, which could not be true if the resolution of intention had failed to state the nature of the materials. The allegation implies that the board had jurisdiction to make the order, and, consequently, that the resolution of intention sufficiently described the work. (*Pacific Pav. Co.* v. *Bolton,* 97 Cal. 8; *Bituminous Lime Rock. etc. Co.* v. *Fulton,* 33 Pac. 1117.)

SHAW, J., dissenting.—I dissent. The complaint does not purport to set forth a copy of the resolution of intention, and it is manifest that it does not give a full copy. The allegation is, that the board "duly made and passed a resolution of intention No. 12,603, *describing the work,* wherein and whereby said board resolved," etc. And then follows the description of the work as stated in the main opinion. This description is not alleged to be the same as that contained in the resolution, and it cannot be presumed to be the same. The appeal is from the judgment and is based on the judgment-roll. There is no demurrer, either general or special. And, so far as appears from the record, no objection whatever was made in the court below to the sufficiency of the complaint. It is not a case of a failure to state facts, but of a defective statement of facts. If, notwithstanding the statement of the work ordered done, the complaint had contained a separate specific allegation that the resolution did describe the work, instead of the recital "describing the work," it would clearly be sufficient upon appeal. "It is too late for a defendant, after verdict, to object to defective allegations in the complaint, which, if he had pointed them out by specific demurrer before the trial, or by objections to the evidence at the trial, might have been avoided by amendment." (*Larkin* v. *Mullen,*

128 Cal. 453; *McDougald* v. *Hulet,* 132 Cal. 154; *Harnish* v. *Bramer,* 71 Cal. 155.) "Where the necessary facts are shown by the complaint to exist, although inaccurately or ambiguously stated, or appearing by necessary implication, the judgment will be sustained" even where there is a demurrer. (*Amestoy* v. *Electric etc. Co.,* 95 Cal. 314; *Bliss* v. *Sneath,* 103 Cal. 44; *Mullally* v. *Townsend,* 119 Cal. 51; *Cushing* v. *Pires,* 124 Cal. 665.) The resolution was pleaded as provided in section 456 of the Code of Civil Procedure, and the additional allegations do not take the pleading without the rule established by that section. I also concur in the views expressed in dissenting opinion of Mr. Justice Angellotti.

Rehearing denied.