[L. A. No. 2257.   Department Two.—August 16, 1909.]

## WARREN M. CROUSE, Respondent, v. H. L. BARROWS et al., Appellants.

STREET ASSESSMENT—RESOLUTION OF INTENTION—INSUFFICIENT DESCRIPTION OF WORK.—A resolution of intention for street work, in which the work proposed to be done is described merely as "to sidewalk and curb" a named street within defined limits, without any specifications of the character of the materials to be used in laying the sidewalks, nor of what materials the curb shall be constructed, is void.

ID.—PLEADING—COMPLAINT SETTING FORTH TERMS OF INSUFFICIENT RESOLUTION.—In an action to enforce an assessment based upon such resolution of intention, a complaint which alleges the passage of the resolution containing such insufficient description of the work, fails to state a cause of action, notwithstanding other allegations that the common council "duly passed and adopted a resolution of intention," and subsequently "duly passed and adopted and duly gave and made its order ordering said work to be done."

APPEAL from a judgment of the Superior Court of San Diego County.   N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Luce, Sloane & Luce, for Appellants.

Stearns & Sweet, for Respondent.

LORIGAN, J.—The defendants appeal from a judgment foreclosing a street assessment on their property.

The only point to be considered is whether the general demurrer interposed by defendants to the complaint should have been sustained, the trial court having overruled it.

The complaint alleged "that on the 14th day of August, 1905, at the city of San Diego, state of California, the common council of said city duly passed and adopted a resolution of intention, in writing, wherein and whereby said common council duly resolved and determined that it was the intention of said council to order the following described street work to be done in said city, to wit: 'To sidewalk and curb Date Street on both sides thereof, in the City of San Diego,

California, from the east line of Front Street to the west
line of Fifth Street.' "

Immediately following it is alleged: "That thereafter, to
wit: On the 2nd day of October, 1905, at said city of San
Diego, said common council, deeming that the public interest
and convenience required it, duly passed and adopted a reso-
lution, in writing, wherein and whereby said common coun-
cil duly gave and made its order and determination in writ-
ing, ordering said work to be done."

It is insisted by appellants that the complaint is radically
defective because the description of the work to be done set
forth in the resolution of intention referred to in the first-
quoted allegation is not such a description of the work as is
required by section 3 of the Street Improvement Act. This
point is well taken. The act requires that the resolution of
intention shall contain a description of the work, and all that
appears in the resolution of intention is that it is the inten-
tion of the common council "to sidewalk and curb Date
Street" on both sides between certain streets. There is no
specification of the character of the materials to be used in
laying the sidewalks, nor of what materials the curb shall be
constructed, and a resolution which fails to make specifica-
tions of that character is void, and a complaint which sets
forth a resolution of intention which is deficient in those par-
ticulars states no cause of action. (*San Jose* v. *Auzerais,* 106
Cal. 499, [39 Pac. 859]; *Schwiesau* v. *Mahon,* 128 Cal. 114,
[60 Pac. 683]; *Williamson* v. *Joyce,* 137 Cal. 107, [69 Pac.
854].)

It is conceded by respondent that in order to acquire juris-
diction to order street work done under the act a resolution
prescribing the work to be done—embracing a specification of
the materials of which it is to be constructed—must in fact
be passed, but he contends that the question here is one of
pleading solely, and that it is not necessary in a complaint to
foreclose a street assessment to set forth in full the resolution
of intention in order to show that the common council ac-
quired jurisdiction to proceed with the improvements, but
that it was necessary only to plead, in the method provided
for by section 456 of the Code of Civil Procedure, the deter-
mination of the common council ordering the street improve-
ment work to be done. The section of the code referred to

provides "that in pleading a judgment or other determination of a court, officer or board it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made," and it is insisted, as the complaint alleged that the common council "duly passed and adopted a resolution of intention" accompanied by the subsequent allegation that the council "duly passed and adopted and duly gave and made its order ordering said work to be done," that this constituted a sufficient pleading under the code section, and was in legal effect a sufficient allegation that everything necessary to be done—including the passage of a requisite resolution of intention—was done in order to give the council jurisdiction to make the subsequent order providing for the doing of the work. There would be ground for this claim of respondent if there were no allegation in the complaint showing the resolution of intention that the council did in fact pass, and the pleader was relying for the sufficiency of the complaint upon the allegation solely that the common council "duly passed and adopted a resolution . . . whereby said common council duly gave and made its order and determination in writing, ordering said work to be done." This was the condition of the complaint in *Pacific Paving Co.* v. *Bolton*, 97 Cal. 8, [31 Pac. 625]. In that case there was no allegation that before ordering the work done a resolution of intention so to do was passed, but it was alleged that the common council "duly gave and made its determination to order the work done." It was held that this allegation pleaded in the language provided for in section 456 of the Code of Civil Procedure was in legal effect a statement that the common council had taken all the requisite preliminary statutory steps, including the passage of a sufficient resolution of intention to give the order for doing the work validity, and that it was not necessary to plead the passage of a resolution of intention. But in the complaint here under consideration the pleader did not content himself with an allegation that the common council "duly gave and made an order" ordering the work to be done, from which, under the section of the code the legal implication would follow that the council had acquired jurisdiction to proceed in the matter by the preliminary passage of a resolution of intention which sufficiently described the work, but he has set

forth the resolution of intention which the common council did in fact pass. As to such allegation of the terms of the resolution of intention it may not be said that it is simply an allegation that it *described* the work generally and does not pretend to contain all the matters with reference to such work which were contained in the resolution of intention. On the contrary, it is alleged that the common council determined to order "the following described street work," specifying it and placing it in quotation marks in the allegation, as indicating it to be a literal statement of the description of the work as contained in the resolution of intention, and it is the work so described in said resolution of intention that it is further alleged the common council subsequently "duly gave and made its order . . . ordering *said* work to be done." So that whatever legal intendment might follow had the complaint merely alleged that the common council "duly gave and made" its order and resolution ordering "said work to be done" is rendered ineffectual in the face of the resolution of intention which it is pleaded was in fact actually passed and which shows that the common council on account of a failure to state the nature of the materials to be used in the proposed work never acquired jurisdiction to make the subsequent order for the work to be done or to take any proceedings in the matter of the street improvement in contemplation. In *Buckman* v. *Hatch,* 139 Cal. 53, [72 Pac. 445], which was an action to foreclose a street-assessment lien, a complaint similar in its allegations to the one here in question was under review. There it was alleged that the common council "duly made and passed" a resolution of intention *describing* the work followed by a further allegation that the board subsequently "duly gave, made and . . . passed its order and resolution ordering said work to be done" and there, as here, the resolution of intention which was actually passed and was set forth in the complaint contained no description of the materials to be used in the proposed improvement. In that case the same reliance was placed on section 456 of the Code of Civil Procedure to sustain the complaint, on account of the allegations made under the terms of the section, as is now urged, but it was held that as it affirmatively appeared in the resolution of intention which was pleaded that the common council had acquired no juris-

diction at all to proceed in the matter of the improvement on account of the radical insufficiency of the resolution, the complaint stated no cause of action. On the authority of that decision it must be held that the complaint at bar likewise stated no cause of action and that the trial court should have sustained the demurrer to the complaint on that ground.

The judgment is reversed with instructions to the trial court to sustain the demurrer to the complaint with leave to plaintiff to amend if he should so desire.

Henshaw, J., and Melvin, J., concurred.