[L. A. No. 4558.    Department One.—November 12, 1918.]

EMPIRE SECURITIES COMPANY (a Corporation), Respondent, v. ALTA JEAN MATTHEWS et al., Appellants.

STREET ASSESSMENT—SALE OF PROPERTY—COLLATERAL ATTACK.—The sole remedy for an excessive street assessment is by appeal to the city council, under section 11 of the street law (Stats. 1885, p. 156), and, in the absence of such appeal, the amount of the assessment is not open to question in a subsequent and collateral proceeding.

ID.—EVIDENCE—DEED.—Under subdivision k of section 5 of the Street Improvement Bond Act of 1893 as amended (Stats. 1899 p. 45), the deed executed after a sale of the property for nonpayment of the bond is *prima facie* evidence of the regularity of all proceedings theretofore had; and in an action to quiet title by the purchaser against the former owner, the introduction of the deed containing appropriate recitals throws upon the defendants the burden of showing a want of compliance with the precedent steps required by the statute.

ID.—NOTICE TO REDEEM.—The purchaser at a sale of property under the Street and Bond Act of 1893 (Stats. 1885, p. 147; Stats. 1893, p. 33, and amendments), is not called upon to serve a notice to redeem upon a mortgagee of the property. All that the statute demands is that such notice shall be served upon the owner or agent of the property, if named in the certificate, and upon the party occupying the property, if the property is occupied.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

James, Smith & McCarthy, and A. R. Holston, for Appellants.

Crouch & Crouch, for Respondent.

SLOSS, J.—The defendants appeal from a judgment quieting the plaintiff's title to a lot of land in the city of Los Angeles.

The plaintiff claimed under a deed of the treasurer of the city of Los Angeles issued upon a sale of the property for nonpayment of a street improvement assessment and bond. The proceedings were regularly had under the street law and the Bond Act of 1893. (Stats. 1885, p. 147; Stats. 1893, p. 33, and amendments.) Neither Alta Jean Matthews, the owner of the property, nor any of the other defendants claiming to have an interest therein, appealed to the city council, or otherwise objected to the assessment or to the issuing of the bond until after the sale was made and the deed delivered. At the trial they undertook to attack the validity of the sale by showing that the property, after the improvement had been made, was not worth as much as the amount assessed against it, and that the assessment, therefore, necessarily exceeded the benefits resulting from the improvement. The court received the testimony, but gave it no consideration upon submission of the case, taking the ground, evidently, that the sole remedy for an excessive assessment is by appeal to the city council, under section 11 of the street law (Stats. 1885, p. 156), and that, in the absence of such appeal, the amount of the assessment is not open to question in a subsequent and collateral proceeding. The conclusion thus reached was

clearly correct. (*Duncan* v. *Ramish,* 142 Cal. 686, 692, [76 Pac. 661]; *Brown* v. *Drain,* 112 Fed. 582, affirmed, 187 U. S. 635, [47 L. Ed. 343, 23 Sup. Ct. Rep. 842].) ''Where the property owner has an opportunity given him, under the prescribed proceedings, to appear and contest the question before the legislative body, the determination of that body on the subject of benefits is final, and . . . if he fails to appear he thereby admits the finality of the determination.'' (*Duncan* v. *Ramish, supra.*)    In each of the cases cited above, the property owner, having failed to appeal, attempted to prove in another proceeding that the assessment in fact exceeded the benefit. It was held that he was foreclosed by his omission to seek the remedy given by the statute.    The same rule governs the present case.

It is further claimed that the plaintiff failed to introduce any evidence, outside of the deed itself, to show the giving of notice to redeem the property.   But under subdivision k of section 5 of the Bond Act, as amended (Stats. 1899, p. 45), the deed ''is primary evidence of the regularity of all proceedings theretofore had.'' The introduction of the deed, which contained appropriate recitals, therefore threw upon the defendants the burden of showing a want of compliance with the precedent steps required by the statute, and this burden they did not attempt to meet.

The plaintiff was not called upon to serve a notice upon the mortgagee. All that the statute demands is that such notice shall be served upon the owner or agent of the property, if named in the certificate, and upon the party occupying the property, if the property is occupied. (Sec. 5, subd. j.)

No other points are made.

The judgment is affirmed.

Richards, J., *pro tem.,* and Victor E. Shaw, J., *pro tem.,* concurred.