[L. A. No. 5236.  Department One.—December 12, 1919.]

## L. A. PAVING COMPANY (a Corporation), Respondent, v. LOS ANGELES FOUNDRY COMPANY (a Corporation), Appellant.

[1] STREET LAW—FORECLOSURE OF ASSESSMENT LIEN—PENDENCY OF APPEAL TO TOWN TRUSTEES—JUDGMENT—DENIAL OF FORECLOSURE AND DECREE OF LIEN SUBJECT TO DISPOSAL OF APPEAL—WARRANTED PROCEDURE UNDER VROOMAN ACT.—Where in an action for the foreclosure of a street assessment lien for work done under the Vrooman Act, (Stats. 1885, p. 147), and subsequent amendments, the court found that the work had been done and that all the proceedings were regular with the exception that an appeal by the defendant to the town trustees, duly taken after the issuance of the assessment warrant, had not been regularly passed upon and decided against the defendant, the court was authorized, in view of section 12¼ of the act, (Stats. 1913, p. 409), while denying a foreclosure upon the ground that the action was brought prematurely, to adjudge affirmatively that plaintiff had a lien upon defendant's property subject to the disposition of the appeal.

[2] Id.—Pleading—Incorporation of City—Judicial Notice.—In an action for the foreclosure of a street assessment lien on city land, it is not necessary to allege that the city is a municipality; for the court will take judicial notice that it is.

[3] Id.—Improved Street—Failure to Allege Public Street—General Demurrer.—In such action, the failure of the complaint to state that the street improved is a public street, is not a ground for a general demurrer, and cannot be relied upon for reversal on appeal without an affirmative showing that the point was made in the trial court.

[4] Id.—Jurisdictional Requirements—Sufficiency of Allegation.—The allegation in such action, that the resolution of the town trustees ordering the work was "duly made, passed and adopted" was a sufficient allegation of all jurisdictional requirements.

[5] Id.—Failure to Record Contract—Validity of Lien not Affected.—A street assessment lien for work done under the Vrooman Act is not affected by the failure of the street superintendent to record the original contract with the return of nonpayment as provided by section 10, since the assessment becomes a lien prior to the recording of the contract and the statute does not make such recordation a condition subsequent to the lien.

[6] Id.—Performance of Work to Satisfaction of Street Superintendent—Misstatement in Specifications—Validity of Assessment not Affected.—An assessment for work done under the Vrooman Act is not invalid because the specifications for the work provided that it was to be done to the satisfaction of the city trustees, instead of to the satisfaction of the superintendent of streets, as required by the statute, where the contract, as distinct from the specifications, contained the required provision, and the work was actually done under the superintendence and to the satisfaction of the superintendent of streets.

[7] Id.—Privilege to Take Samples of Work—Letter to City Trustees—Request not a "Remonstrance."—Under section 3 of the Vrooman Act, a letter written by defendant during the progress of the work to the city trustees requesting that it be permitted to take samples to ascertain if the work was being properly done, was not a "remonstrance," requiring a hearing and determination by the trustees.

[8] Id.—Claims for Incidental Expenses—Failure of Street Superintendent to Require Verification—Validity of Assessment not Affected.—An assessment for work done under the Vrooman Act is not invalid because of the failure of the street superintendent to exact verified demands for "incidental expenses," since the sole purpose of the statute is to require verification before the persons making the claims against the city are entitled to payment, with which the contractor has nothing to do.

[9] ID.—FRIVOLOUS APPEAL.—Appeal in this action is held to be frivolous, and one hundred dollars as damages assessed against appellant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Salisbury & North, Roy A. Linn, and Stuart M. Salisbury for Appellant.

Wm. Brown and Crouch & Crouch for Respondent.

OLNEY, J.—This is an action to foreclose a street assessment lien on certain land of the defendant in the city of Vernon. The work was done under the Vrooman Act (Stats. 1885, p. 147, and subsequent amendments, General Laws of California, Act 3930). The lower court found, in brief, that the work has been done and that all the proceedings were regular with the exception that an appeal by the defendant to the town trustees, duly taken after the issuance of the assessment warrant, had not been regularly passed upon and decided against the defendant. Upon these findings the court concluded that the action was prematurely brought and judgment was entered denying a foreclosure upon this ground, but adjudging, nevertheless, that the plaintiff had a lien upon the land subject to such action as the town trustees might take upon the defendant's appeal to them. From this judgment the defendant appeals upon the judgment-roll alone, and its chief contention is that, since the court found that the action was prematurely brought, the judgment should have been simply one of dismissal, and that the portion which adjudges that the plaintiff had a lien subject to the disposition of the defendant's appeal to the town trustees is erroneous.

The portion of the judgment complained of was inserted under section 12¼ of the act (Stats. 1913, p. 409), the material portion of which reads:

"It is hereby made the duty of any court of competent jurisdiction in rendering its judgment holding invalid any assessment or assessments hereafter made or issued, . . . to

make a finding as to whether or not the issuing of such assessment was entirely without the power of the said city to issue, and if not, then what omission, irregularity, illegality, informality or noncompliance with the requirements of the statute of which this is amendatory has occurred in the proceedings upon which said assessment or assessments and bonds rest, and what effect shall be given to them in making the reassessment."

So far as we can see the judgment entered here corresponds to this statutory authority and requirement, and, in fact, it is not contended that it does not. It specifies the irregularity in the proceedings, namely, that the defendant's appeal to the town trustees had not been disposed of, and then it specifies the effect which should be given to the proceedings taken, namely, that they created a lien upon the defendant's property subject to the disposal of his appeal. That this was the true effect is plain from the statute. The appeal was taken after the work was completed and the warrant for the assessment had issued and been recorded along with the other requisite papers in the office of the superintendent of streets in accordance with section 9 of the act. With such recording the assessment became a lien according to the express language of the act. The lien was, of course, subject to the defendant's right to appeal to the town trustees within the thirty days prescribed by the statute, and if an appeal was taken, subject to its final disposition. This is exactly what is declared by the judgment.

[1] The objection which the defendant urges to this portion of the judgment is that as soon as the court determined that the plaintiff could not recover, all other matters became moot. Under the provision of the statute quoted this is not true. The court was authorized to determine the effect of the proceedings had up to that time, and that determination is binding upon the parties and determined their material rights in an existing controversy. Ordinarily, where the plaintiff is refused a recovery, the court is not authorized to go further, but in this case such authority is specially and very wisely given.

[2] The defendant also objects that the complaint does not state a cause of action for several reasons. The first of these is that it is not alleged that Vernon is a municipality. One answer to this is that the court will take judicial notice

that it is. (*City of Pasadena* v. *Stimson*, 91 Cal. 238, [27 Pac. 604].)

[3] A second reason advanced is that the complaint fails to state that the street improved is a public street. Possibly this might be a ground for a special demurrer, but certainly it is not a ground for a general demurrer, and particularly cannot be relied upon for reversal on appeal without an affirmative showing that the point was made in the court below.

[4] It is also claimed that the complaint is defective in not affirmatively showing the taking of a number of steps required to be taken preliminary to the resolution of the trustees ordering the doing of the work. But the taking of such steps, if material at all, was jurisdictional to the resolution ordering the work, and the complaint alleges that such resolution was "duly made, passed and adopted." This is a sufficient allegation of all jurisdictional requirements. (Code Civ. Proc., sec. 456; *Los Angeles* v. *Waldron*, 65 Cal. 283, [3 Pac. 890]; *Pacific Paving Co.* v. *Bolton*, 97 Cal. 8, [31 Pac. 625]; *Williams* v. *Bergin*, 127 Cal. 578, [60 Pac. 164]; *Buckman* v. *Hatch*, 139 Cal. 53, [72 Pac. 445].)

[5] The statute provides (sec. 10) that after the assessment has been made and become a lien, the warrant issued, payment demanded of the property owner and not made, and a return of nonpayment made to the superintendent of streets, "Thereupon the superintendent of streets shall record the return so made, in the margin of the record of the warrant and assessment, and also the original contract referred to therein, if it has not already been recorded at full length in a book to be kept for that purpose in his office, and shall sign the record." The lower court found that the contract in this case was not so recorded. Whether or not the failure in this respect would have precluded a foreclosure of the assessment we need not consider. It is perfectly evident that so far as the judgment here appealed from is concerned, it is immaterial whether the contract was so recorded or not. The only portion of the judgment adverse to the appellant is the portion declaring the assessment to be a lien. But since by the statute the assessment became a lien prior to the time for the recording of the contract under the provision quoted, and there is no pro-

vision that such recording shall be a condition subsequent to the lien, the lien is wholly unaffected by the subsequent nonrecording. (*Perine* v. *Lewis*, 128 Cal. 240, [60 Pac. 422, 772].)

[6] The point is made that the specifications for the work provide that it is to be done to the satisfaction of the city trustees, while the statute requires that it be done to the satisfaction of the superintendent of streets, and that the contract contained a provision to that effect. Counsel, however, omit to state that the contract in this case, as distinct from the specifications, did contain the required provision, and that the court particularly found that no one other than the superintendent of streets ever exercised any control over or presumed to pass upon the work, and that the objectionable provision in the specifications, undoubtedly there through inadvertence, did not affect either the work or its cost; in other words, that the provision was a dead letter. No reason is suggested why, under such circumstances, when the work has been actually done under the superintendence and to the satisfaction of the superintendent of streets, as provided by the statute and found to be the fact here, the assessment should be held invalid, and we perceive none. The point would seem to come, if not within the letter, at least within the reason of *McCaleb* v. *Dreyfus*, 156 Cal. 204, [103 Pac. 924].

[7] During the progress of the work the defendant wrote a letter to the city trustees saying that it had been informed that the work was not being done according to specifications, that it had sought to take samples for the purpose of making tests and had been refused by the contractor, and asking that it be allowed to take samples. The point is made that this letter is a "remonstrance" under the provisions of section 3 of the act and that not having been passed upon by the trustees at a hearing after due notice the assessment is void. A sufficient answer is that the sole purport of the letter is a request that the defendant be permitted to take samples to ascertain if the work was being done properly. The trustees had the right to refuse such a request or not exactly as they saw fit, and a letter asking for the privilege cannot possibly be taken as a "remonstrance." (See, also, *Girvin* v. *Simon*, 127 Cal. 491, [59 Pac. 945].)

[8]  The statute provides that the amount of certain expenses termed "incidental expenses" incurred by the city, not the contractor, such, for example, as the cost of advertising for bids, shall be paid to the superintendent of streets by the contractor, and then that the contractor be reimbursed therefor by their inclusion in the amount for which the assessment is made.  The act also provides that all demands for incidental expenses, that is, demands not by the contractor, but by the person to whom the money is owing by the city, must be presented to the street superintendent by itemized bill, duly verified.  Such expenses were included in the present assessment, but the superintendent of streets failed to exact verified demands for them, and this is urged as a reason for holding the assessment invalid.  Plainly, however, the sole purpose of the statute is to require verification before the persons making the claims against the city are entitled to payment.  With this the contractor has nothing whatever to do and the failure of the street superintendent to insist upon a compliance with the verification cannot affect the assessment.  If such claims are improperly paid and included in the assessment the remedy of the property owner is by appeal to the city trustees.  (*Boyle* v. *Hitchcock*, 66 Cal. 129, [4 Pac. 1143].)

There are a number of other points made by appellant. The following is typical: The statute provides that if there is no newspaper published in the city, notice inviting bids may be given by posting only.  Notice in the present case was given by posting only, and to support this the complaint alleges "That during all the times herein alleged, there was no newspaper published within the city of Vernon."  The objection is made that this allegation is insufficient because "although there may have been no newspaper published 'during all the times alleged,' there may have been a newspaper published during all the times except the first day mentioned."  This would be somewhat extreme, even when urged in the trial court in support of a special demurrer on the ground of uncertainty or ambiguity, but as a ground for reversal on appeal of a judgment rendered after trial where no special demurrer on this ground was interposed, it is simply preposterous.  We can see no excuse whatever for taking up the time and attention of the court with such frivolous contentions, or, for that matter, with

any of the contentions made on this appeal. Even if there were one or more questions involved of an uncertain or unsettled character so that an appeal were justified, yet court, counsel, litigants, and the public should be protected against the waste of time and labor, and the delay in the performance of their functions by the courts caused by involving and encumbering even an appeal justifiable upon some points with a multitude of other frivolous and unworthy points. In the present case there is not even the justification of a single worthy point. The point which nearest approaches that character is the one first considered, the objection to the judgment going further than merely dismissing the action and affirmatively finding a lien upon the defendant's property subject to the disposal of its appeal to the city trustees. But in view of the express statutory mandate that such a judgment be made, we can see no excuse for an appeal on this point. [9] We think it plain that the appeal was born of a desire to litigate, when the merits of the case were clear and the only result of continuing the litigation would be to harass and annoy the opposite party without any reasonable or proper hope of changing the judgment given by the trial court. Judgment affirmed, and let there be added to the costs of appeal assessed against the appellant the sum of one hundred dollars as damages because of an appeal taken for delay.

Shaw, J., and Lawlor, J., concurred.