[Civ. No. 4200. First Appellate District, Division One.—June 20, 1922.]

ELLA J. CHAPMAN, Respondent, v. PAUL RUDOLPH, as Treasurer, etc., et al., Defendants; ELLIOTT AND HORNE COMPANY (a Corporation), Appellant.

[1] STREET LAW — JURISDICTION — IRREGULARITIES — WAIVER OF OBJECTIONS — COLLATERAL ATTACK ON ASSESSMENT. — Where a city council regularly acquires jurisdiction to order certain street work done under the provisions of the Vrooman Act, a property owner who makes no protest against the work under section 5½ of that act, nor takes any appeal under section 11 thereof, and who does not file a notice to the city treasurer against the issuance of the bonds as permitted by the Bond Act of 1893, cannot collaterally attack the assessment in a suit to quiet title because of irregularities occurring in the proceedings after the city council acquired jurisdiction.

[2] ID. — AGREEMENT TO REBATE — WAIVER OF OBJECTION. — An agreement by the contractor to make certain rebates or deductions to those who pay without litigation in the event that it is awarded the contract, contrary to the provisions of the contract and of the San Jose charter, will not render the assessment void, where no, appeal is taken therefrom because of that defect.

[3] ID.—INVALID SALE—QUIETING TITLE—PAYMENT OF LIEN.—Where the assessment and bond are valid, the fact that the sale thereunder is invalid will not destroy the contractor's lien; and the property owner is not entitled to have the title to his property quieted against that lien except upon making payment.

[4] ID.—DUE PROCESS—ISSUANCE OF BONDS—FAILURE TO OBJECT.—The Street Improvement Bond Act of 1893 is not subject to the objection that it does not provide for due process of law; and a property owner is in no position to complaint of the issuance of a bond thereunder where he has made no attempt to prevent such issue.

[5] ID.—JURISDICTIONAL REQUIREMENTS—PLEADING.—In an action by a property owner to quiet title, a recital in the answer of the defendant contractor that the city council "duly gave, made and passed their certain Resolution Ordering Work," etc., constitutes a sufficient allegation of all the jurisdictional requirements.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Reversed.

The facts are stated in the opinion of the court.

Kirkbride and Gordon for Appellant.

Ralph C. McComish and C. C. Coolidge for Respondent.

TYLER, P. J.—This is an action to quiet title to certain real property. The complaint is in the usual form. It is alleged therein that defendant Rudolph is the duly appointed and acting treasurer of the city of San Jose, and that the defendant Elliott and Horne Company is a corporation; that both defendants assert an interest in, or lien upon, the land described in the complaint, adverse to the claim and ownership of plaintiff, and that such claim is asserted wholly without right.

The city treasurer filed a general denial. Defendant Elliott and Horne Company also denied ownership in plaintiff, and, as an affirmative defense, set up an interest in the land arising under a sale for nonpayment of a bond issued for street improvements.

The work for which the bond was issued was 'alleged to have been performed pursuant to the provisions of the city charter of San Jose, of the so-called Vrooman Act (Stats. 1885, p. 147, as amended), and of the Street Improvement Bond Act approved in 1893 (Stats. 1893, p. 33). The contract called for the grading of the street, the installation of a concrete base thereon, and an asphalt top. The issues in the case involve the validity of the award of the contract and certain subsequent proceedings. No objection was made to the jurisdiction originally acquired by the city council to order the work performed. Trial was had and judgment went for plaintiff. Defendant Elliott and Horne Company have appealed from the judgment, after denial of its motion for a new trial. Defendant Rudolph has no further interest in the result of the litigation and has not appealed.

Plaintiff claimed below, and does here, that the assessment upon which defendant relied to prove his interest in the land was void for the reasons: 1. That the award was not made to the lowest bidder; 2. That the work was not done "after the award"; and, 3. That a defective sale was made by the city. treasurer.

With reference to the first and second objections, it appears in evidence that there were two bids presented for

the doing of the work, one by Ira T. Bridges, for eight cents per square foot; the other by the Raisch Improvement Company for forty cents. By a unanimous vote of the council the bid of Bridges was rejected and the contract was awarded to the Raisch Improvement Company, it being determined by the council that this company was the lowest regular responsible bidder. At the session of the council when the contract was let it appeared that Bridges was a plasterer and had no asphalt plant or roller. It also appeared that the Raisch Improvement Company had, prior to this time, done work upon the street, in front of the lot in question, under a private contract. This work was performed at the request of the owner of the lot, and consisted in the grading and putting in of a concrete base upon the assurance and with the understanding that the owner would sign a contract for the same. It further appeared that when the asphalt surface was ready for placement the owner refused to sign, and indicated that he would not pay for the improvement. Bridges, in presenting his bid, intended to avail himself of this work which was performed by the Raisch Improvement Company, and merely intended under his bid to furnish the asphalt surface.

These facts were before the city council at the time the contract was let, and whether the board concluded that by its action it would assist the Raisch Improvement Company in this irregular manner to obtain its pay for the work it had performed, or whether it determined that the Raisch Improvement Company was the lowest responsible bidder, as the minutes show, it is impossible for us to say.

The question of what discretionary powers public authorities are vested with in determining who is the lowest responsible bidder and when and under what circumstances their decision will be interfered with, are considerations which, in view of the conclusion we have reached, we do not think we are here called upon to discuss or decide.

[1] The defects in the assessment here claimed relate to questions of procedure occurring after the council had regularly acquired jurisdiction to order the work done. No protest against the work was made under section 5½ of the Vrooman Act (as added by Stats. 1909, p. 31), as

therein provided for, nor was any appeal taken therefrom under section 11 of that statute; and no notice to the city treasurer was filed against the issuance of the bond as permitted by the Bond Act.

Under these circumstances it is the claim of appellant that these provisions' having afforded respondent ample opportunity to remedy the alleged irregularities, and she having failed to avail herself thereof, that she is estopped for urging the same to her benefit. It is further claimed that as the record shows that this was the only parcel of land affected by the assessment, that the owner thereof had it within her power to take over the entire contract and thus recoup herself by any profit arising therefrom, and having failed to do so, she waived the objection to the price at which the award was made, and that such failure also operated as an estoppel against her.

We are of the opinion that counsel is correct in these contentions. The purpose and effect of the provisions of section 4 of the Bond Act and the other curative provisions hereinabove referred to have been fully considered and discussed by the supreme court in numerous cases; and the conclusion reached that they remedy any procedural irregularities such as are here claimed, provided only that the resolution of intention of the council to do the work has been actually published and the notice of improvement posted as provided by the street law.

No useful purpose would be subserved by a review of these authorities. (See *Chase* v. *Troutt,* 146 Cal. 350 [80 Pac. 81]; *Watkinson* v. *Vaughn,* 182 Cal. 55 [186 Pac. 753], and cases cited; *Empire Securities Co.* v. *Matthews,* 179 Cal. 239 [176 Pac. 160].)

Here it is not questioned that the council had jurisdiction to make the improvements. No protest or objection having been made to the proceedings, and no appeal having been taken therefrom, and the assessment for the work having been levied, the assessment cannot be collaterally attacked in a suit to quiet title for irregularities such as are here claimed.

[2] For the same reasons the further claim that the contract of the Raisch Improvement Company was violated in consequence of an agreement on its part to make certain rebates or deductions to those who would pay without liti-

gation in the event that it was awarded the contract is without merit. Failure to appeal is a waiver of this defect, as this provision of the charter is not jurisdictional. (*Smith* v. *Lightston,* 182 Cal. 41, 45 [186 Pac. 769].) Aside from this, the charter of the city of San Jose only voids contracts other than those of the property owners who are parties to the agreement. Here the parties never entered into any such agreement. True, there was an offer to rebate, but it was never accepted by the then owners of the lot, and they were the only parties concerned with the assessment.

The proceedings were therefore in no manner affected by this charter provision.

[3] Nor does the fact, as claimed, that the sale was invalid, destroy defendant's lien. Assuming this to be a fact, and it seems to be conceded, it in no manner affected the validity of the bond or the lien of defendant. (*Faxon* v. *All Persons,* 166 Cal. 707 [L. R. A. 1916B, 1209, 137 Pac. 919]; *Burns* v. *Hiatt,* 149 Cal. 617 [117 Am. St. Rep. 157, 87 Pac. 196]; *Klumpke* v. *Henley,* 24 Cal. App. 35 [140 Pac. 289, 313].) The assessment and bond being valid, plaintiff is not entitled to quiet title against defendants' lien except upon making payment: (*Ellis* v. *Witmer,* 134 Cal. 249 [66 Pac. 301]; *Hayne* v. *San Francisco,* 174 Cal. 185 [162 Pac. 625].) [4] Nor is there any merit in the further contention that the Bond Act itself is invalid as not providing for "due process of law." (*German Sav. & Loan Soc.* v. *Ramish,* 138 Cal. 120 [69 Pac. 89, 70 Pac. 1067]; *Hellman* v. *Shoulters,* 114 Cal. 136 [44 Pac. 915, 45 Pac. 1057].) Aside from this, a lot owner is in no position to complain of the issuance of a bond where he has made no attempt to prevent such issue. (*Ahlman* v. *Barber Asphalt Paving Co.,* 40 Cal. App. 395 [181 Pac. 238].)

[5] And, finally, it is contended that defendant's pleadings are defective. Assuming the denial of plaintiff's title to have been insufficient, this did not affect the affirmative defense set forth which alleged the performance of the work. The objection that this defense is also defectively pleaded for the reason that it fails to contain recitals of the complete proceedings of the council leading up to the assessment is without merit. After the recital of certain proceedings, the answer alleges that the council "duly gave,

made and passed their certain Resolution Ordering Work," etc. Such recital is a sufficient allegation of all the jurisdictional requirements. (*Pacific Paving Co.* v. *Bolton,* 97 Cal. 8 [31 Pac. 625]; *Los Angeles Paving Co.* v. *Los Angeles Foundry Co.,* 181 Cal. 685 [186 Pac. 593].)

For the reasons given, the judgment declaring plaintiff to be the owner of the land in question free and clear of the claim of defendant is erroneous, and the same should be, and it is, hereby reversed.

Kerrigan, J., and Knight, J., *pro tem.,* concurred.