[Civ. No. 4407.   First Appellate District, Division One.—January 9, 1923.]

CITY OF SOUTH SAN FRANCISCO (a Municipal Corporation), Respondent, v. SANTA CLARA VALLEY LAND COMPANY (a Corporation), et al., Appellants.

[1] STREET LAW—JURISDICTION—ACTION TO FORECLOSE LIEN—PLEADING—FINDINGS—JUDGMENT—APPEAL.—Where the appeal from a judgment in favor of the plaintiff, in an action to foreclose street assessment liens for work done under the provisions of the Street Improvement Act of 1911, is taken on the judgment-roll alone, the contention that the board of trustees never acquired jurisdiction to proceed with said improvement, for the reason that the resolution of intention of the board of trustees was never published and notices of the improvement were never posted as required by the statute, must be predicated either upon the insufficiency of the complaint in stating the essential facts necessary to confer upon the municipal body to make such improvement, or upon the insufficiency of the findings to support the averments of said complaint and to sustain said judgment.

[2] ID.—SUFFICIENCY OF COMPLAINT.—In this action to foreclose street assessment liens for work done under the provisions of the Street Improvement Act of 1911, as amended in 1915, the complaint was sufficient, it having not only complied with the provision of section 27 of said act, which specifies the essential allegations of the complaint in such an action, but in having alleged that the board of trustees duly made and adopted the resolution of intention and each and every of the several orders and proceedings of said board in the course of making said improvement and creating said liens, thereby complying with the requirements of section 456 of the Code of Civil Procedure with relation to the pleading of judgments or other determinations of courts, boards, and officers.

[3] ID.—SUBMISSION ON STIPULATION—FINDINGS—APPEAL.—Where such action is submitted to the court upon a stipulation of the parties as to the facts, but such stipulation is not embodied in the transcript on appeal, the appeal being taken on the judgment-roll alone, it will be assumed that the findings, which follow the material allegations of the complaint, are in the language of such stipulation.

[4] ID.—STREET IMPROVEMENT ACT OF 1911—CONSTITUTIONALITY OF SECTION 27.—The provision of section 27 of the Street Improvement Act of 1911, as amended in 1915, permitting simplified pleadings in actions to foreclose street assessment liens for work done under that act, is not unconstitutional. (On petition for hearing in supreme court, approval withheld.)

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

McKannay & Hunt for Appellants.

J. W. Coleberd for Respondent.

Heller, Ehrman, White & McAuliffe and Charles W. Cobb, as *Amici Curiae*, in support of Respondent's contention.

RICHARDS, J.—This action was brought by the plaintiff for the foreclosure of certain street assessment liens upon the properties of the defendant, Santa Clara Valley Land Company, situate within the corporate limits of the city of South San Francisco. The complaint alleges the corporate character of the parties to the action; alleges the due adoption on May 1, 1916, by the board of trustees of said city of a resolution of intention to order certain improvement work to be done upon and along the streets of said city, describing in detail said work; alleges that on May 29, 1916, the said board of trustees by resolution duly made and adopted ordered said work to be done; alleges that in said resolution of intention, in the notices of passage thereof, in the resolution ordering said work, in the notice inviting sealed bids for the performance of said work, in the resolution awarding the contract therefor, in the notice of the award of said contract,

in the warrant issued to the contractors, and in the notice of filing of the list of unpaid assessments, there was inserted the notice required by the Improvement Act of 1915 (Stats. 1915, p. 1464) with relation to serial bonds. The complaint further specifically alleges the award of the contract to the contractors and the full performance by them of the same, the filing of the diagram of the property affected, the approval of said diagram by the board of trustees and the record thereof; the making of the assessment by the superintendent of streets and the due recordation thereof, and the issuance of the warrant to the contractors; the making and levying of the assessments and the due demand for their payment; the return of the warrants showing such demand duly verified; the filing of the list of unpaid assessments and the due posting and publication of the notice of such filing; the resolution of the board of trustees determining the amounts unpaid upon said assessments and ordering the issuance of the serial bonds therefor; the resolution awarding and issuing said serial bonds to those entitled to the same; the fact that on January 5, 1920, a certain installment of said assessments became due and payable and were unpaid, with the interest and penalties thereon; the due adoption of the resolution and the foreclosure of the liens of said assessments upon the properties of said defendant affected thereby; the prayer for the foreclosure of said liens.

The defendants did not demur to this complaint but filed their answer wherein the taking of the several steps in the course of making said improvement and of the levy of the assessments therefor as alleged in said complaint was admitted, the defendants' only denials having reference to the sufficiency of said proceedings to operate in the creation of said liens or of any liability on the part of said defendants arising out of the making and completion of said improvements. The cause was submitted to the court sitting without a jury upon a stipulation of the parties as to the facts, whereupon the court made and filed its findings of fact and conclusions of law finding specifically that the foregoing averments of the complaint were true and further finding as conclusions of law therefrom that the said installments upon said assessments were due, payable, and unpaid and that the plaintiff was

entitled to a foreclosure of the lien thereof. The judgment followed, from which this appeal has been taken and the cause is presented upon appeal upon the judgment-roll alone.

[1] The sole contention of appellants here is that the board of trustees of said city never acquired jurisdiction to proceed with said improvement, for the reason that the resolution of intention of the board of trustees of said city to order such improvement was never published, nor were the notices of said improvement posted along the line of the contemplated work of such improvement as required by the statutes of 1911 as amended in 1915, under which said improvement was undertaken to be made. In view of the fact that this appeal is presented upon the judgment-roll alone, the foregoing contention on the part of the appellants must be predicated either upon the insufficiency of the complaint in stating the essential facts necessary to confer jurisdiction upon the municipal body to make such improvement, or of the findings to support the averments of said complaint and to sustain said judgment. There is no merit in either of these contentions. [2] The Street Improvement Act of 1911, as amended in 1915 (Stats. 1915, pp. 1469, 1470), under which the proceedings for the improvement in question were undertaken, provides in section 27 thereof for the institution of actions for the foreclosure of the liens arising in the course of making said improvements, and in so doing proceeds to specify the essential allegations of the complaint in such foreclosure proceedings as follows: "In a complaint in any such action it shall be held sufficient to allege briefly that the city council ordered the work, the performance of the work under the contract, the making of the assessment, the issuing of said warrant and certificate and the making of said diagram; that an assessment (naming the amount) was levied against that certain lot or parcel of land (describing the same) which, according to the information and belief of the plaintiff, is owned by the defendant; that payment of said assessment has been demanded in the time, form and manner prescribed in this act and that the same has not been paid."

The complaint in question here complies with the requirements of the foregoing provision of the statute. It

moreover alleges that the board of trustees of said city duly made and adopted the resolution of intention and each and every other of the several orders and proceedings of the said board in the course of making said improvement and creating said liens. It thus complied with the requirements of section 456 of the Code of Civil Procedure with relation to the pleading of judgments or other determinations, of courts, boards, and officers. The allegations of the complaint in these regards were not controverted by the defendants in their answers, but had they been so the presumption upon this appeal would be that the facts conferring jurisdiction upon the board to make such improvements and to create the liens therefor sought to be foreclosed herein were fully proven, since this appeal is upon the judgment-roll alone. The authorities are ample and uniform upholding the sufficiency of a complaint in the form of that assailed upon this appeal. (*Himmelman* v. *Danos*, 35 Cal. 441; *Pacific Paving Co.* v. *Bolton*, 97 Cal. 8 [31 Pac. 625]; *Locke* v. *Cowan*, 34 Cal. App. 581 [168 Pac. 387]; *Bienfield* v. *Van Ness*, 176 Cal. 585 [169 Pac. 225]; *Los Angeles Paving Co.* v. *Los Angeles Foundry Co.*, 181 Cal. 685 [186 Pac. 593].) The cases cited by appellants in support of their said contention have no application to the matter of pleading, which is the only matter here under consideration, but refer to the sufficiency of the proof of the jurisdictional facts in cases of this character, which is not at all involved in this appeal.

[3] As to the appellants' contention that the findings are insufficient to support the judgment it is sufficient to state that the findings follow the material averments of the complaint. The stipulation of the parties as to the facts is. not embodied in the transcript, but since the cause was submitted upon such stipulation it is fair to assume that the findings are in the language of such stipulation, and if so it follows that the parties have stipulated that every order of the board of trustees during the course of said improvement and of the creation of the assessment liens for the cost thereof was duly given, made, and adopted; and it thence further follows that every act and thing required by the statute to be done and performed in order to give the board jurisdiction to make said orders was duly and regularly done and performed.

[4]    The final contention of the appellants that the provision of the Improvement Act in question permitting simplified pleadings in actions of this character is unconstitutional does not rise to the dignity of requiring refutation.

We find no merit in this appeal.

Judgment affirmed.

Tyler, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 8, 1923, and the following opinion then rendered thereon:

THE COURT.—The petition for transfer addressed to this court is directed solely to the proposition that section 27 of the Street Improvement Act of 1911 (amended Stats. 1915, pp. 1469, 1470), with reference to the form of complaint in an action of foreclosure of a street lien, is unconstitutional because in violation of article IV, section 25, subdivision 3 and subdivision 33. This point is not necessary to the decision of the district court of appeal, and we withhold approval of the concluding paragraph of the opinion.

Petition denied.

Wilbur, C. J., Kerrigan, J., Lennon, J., Myers, J., Lawlor, J., and Waste, J., concurred.